## KELLER v. COOPER.

No. 13142—Opinion Filed March 4, 1924.

Rehearing Denied June 17, 1924.

(Syllabus.)

1. Appeal and Error—Discretion of Lower Court—Setting Aside Judicial Sale.

A motion to set aside a judicial sale is addressed to the reasonable discretion of the court, and in the absence of an abuse of that discretion, this court will not interfere.

2. Judicial Sales — Validity — Competitive Bidding.

Where a public sale is made by a sheriff or an auctioneer designated by him, and is freely and fairly held, and full opportunity given for competitive bidding, it is not an abuse of discretion to refuse to vacate the sale, because one of the bidders misunderstood the amount of the last bid and thought he was the highest bidder.

Error from District Court, Harper County.

Action between William O. E. Keller and S. J. Cooper. From action of the court refusing to set aside sheriff's sale, the former brings error. Affirmed.

R. H. Loofbourrow and W. H. Loofbourrow, for plaintiff in error.

D. P. Parker and Chas. R. Alexandria, for defendant in error.

COCHRAN, J. This appeal was taken by the plaintiff in error from an order of the district court denying his motion to set aside a sheriff's sale of real estate made in pursuance of a decree entered in a partition suit. The parties to this appeal were both parties to the partition suit, and after a decree had been entered in the partition suit appointing appraisers to appraise the land and after the same had been appraised for $1,170, each of the parties filed an election to take the property at the appraised value. The court thereupon ordered sale of the land by the sheriff at public sale, and at a public sale had, after notice given, both parties were present and bid in the property. The plaintiff in error bid $781 and the defendant in error $800 and the property was sold by the sheriff to the defendant in error for $800. The plaintiff in error filed his motion to set aside the sheriff's sale and alleged that he was ready and willing at the time the property was declared sold to Cooper to bid $1,500 on said property and would have bid that amount had the sheriff permitted such bid to be made, and would have made such bid had there not been a misunderstanding between the defendant and the sheriff as to the amount which had been bid on the property. That the defendant thought the land was sold to him for $800, and when it was announced that it had been sold to Cooper, he immediately offered $850 and announced that he was ready and willing and able to pay the sum of $1,500 therefor, but that the sheriff refused to continue the bidding, or to permit further bidding but maintained that the bidding was closed, and sold the property to Cooper. Evidence was taken on this motion, and after hearing the same the motion to set aside was overruled and the sale to Cooper confirmed. The evidence in this case shows that the sale was free, fair, and open, and that there was fair competition. It appeared that the first bid made on the property was by the attorney for the plaintiff in error, and after his bid was submitted the defendant in error offered $800. After an opportunity was given for further bids and none being made, the auctioneer sold the property to the defendant in error. Immediately thereafter and before the crowd was dispersed the attorneys for the plaintiff in error advised the sheriff that he understood that his bid of $781 was the highest bid and that he did not understand that a bid of $800 had been made and asked that the bidding be reopened. This the sheriff declined to do. The plaintiff in error has cited authority to the effect that, if a bid is claimed by two or more persons, it is the usual practice to put the property up again at the price and at the bid of such one of the competitors as the auctioneer may declare in his judgment entitled to it. These cases are not in point, because it is not contended that both parties made the same bid. It is conceded that the defendant in error made the best bid, but the contention of the plaintiff in error is that he did not understand that the bid had been made. Attention is also called to the following quotation from R. C. L. vol. 16, p. 68:

"A judicial sale, since it has as its main object the securing of the best price that can be fairly had for the property sold, should be so conducted as to produce as much as possible for the parties in interest. and to that end, full, free, fair competition should be secured. It may be laid down as a general principle of law therefore applicable to public judicial sales that any act on the part of the auctioneer, or of the party selling which prevents a free, fair and open sale, or stifles or 'chills' the sale in that it diminishes or prevents free competition among the bidders is contrary to public policy, vitiates the sale, and constitutes ground for setting it aside upon the complaint of the party injured."

In the instant case the testimony shows clearly that the sale was free, fair, and open and that there was no action on the part of the auctioneer or the sheriff tending to stifle competition, but that the failure to bid further was either because of lack of a desire to do so, or because of the negligence of the bidder. In Sparks v. City Nat. Bank of Lawton, 21 Okla. 827, 97 Pac. 575, the court said:

"A motion to set aside a judicial sale is addressed to the reasonable discretion of the court, and in the absence of an abuse of that discretion this court will not interfere."

If bidders at a public sale were permitted to wait until property had been cried off to the successful bidder and then insist that the sale be reopened in order that they might submit an additional bid, that would inter-

fere more with the free and fair competitive bidding than if the sale should be definitely closed after all parties had ceased to bid, as was done in this case. We think that there was no abuse of discretion on the part of the trial court in refusing to set aside this sale, and that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.