## WHITCHURCH et al. v. DOUGHTY.

No. 18678.  Opinion Filed Oct. 9, 1928.

Rehearing Denied Dec. 4, 1928.

Ahern & Fitzpatrick, for plaintiffs in error.

Cruce & Potter, for defendant in error.

TEEHEE, C. The parties to this cause will be referred to according to their relative positions in the trial court.

The plaintiff, Lloyd Doughty, sued the defendants Clifton G. Whitchurch and Dora Mae Whitchurch to recover on their two-year promissory note of $1,500, then one year overdue, and to foreclose a real estate mortgage given in security thereof, subject to a prior mortgage of $2,000 with accrued interest and certain accrued taxes.

The petition was in the usual form. After intermediate pleadings, defendant by answer admitted execution of the note and mortgage sued on, and for further answer alleged variance between the terms of the mortgage and the contract as made between the parties.

The cause was tried to the court upon the note and mortgage and the pleadings of the parties. Judgment went for the plaintiff, and the mortgaged property ordered sold without appraisement if the judgment be not satisfied within six months, the sale to be subject to the aforesaid prior liens with the right of plaintiff to bid and become the purchaser at the sale.

In due course, execution and order of sale was issued to the sheriff, and the same was executed by the sale of the property to a third party. Both plaintiff and defendants filed their motions to set aside the sale. The court sustained plaintiff's motion, and an alias order of sale was ordered issued, which was by the sheriff executed by sale of the property to plaintiff for the sum of $1,500. Defendants moved to set this sale aside on the ground: First, because of inadequacy of price; and second, because of disregard by plaintiff of his agreement with defendants respecting the sale. Upon hearing of defendants' motion, the same was overruled and the sale confirmed, of which order and judgment defendants complain to this court.

For a reversal of the order and judgment, defendants renew the grounds of their motion to set aside the sale, and state their case as follows.

"In the case at bar there was not only inadequacy of price, but other elements entered into the transaction to such an extent that the sale should not have been confirmed. All the evidence shows the property was reasonably worth $10,000; that the

creditor's claim did not exceed $2,250, including interest, costs and attorney fees, and the sale was interfered with by plaintiff to such an extent that he bought the same for $1,500."

They urge that:

"The peculiar condition surrounding this particular case and the facts as shown by the record make it a case equitable in its nature rather than one that should be measured by a strict rule of law"

—and cite cases in support of their theory of consideration.

In this jurisdiction it is well settled that:

"A motion to confirm or set aside a judicial sale is addressed to the sound legal discretion of the court, and unless it affirmatively appears that the court has abused such discretion, its judgment on said motion will not be disturbed on appeal," State ex rel. Com'rs of Land Office v. Wilson, 124 Okla. 236, 254 Pac. 968; Lawton Mill & Elevator Co. v. Farmers & Merchants Bank of Cincinnati, Iowa, 109 Okla. 291, 234 Pac. 705; Keller v. Cooper, 102 Okla. 127, 227 Pac. 102.

From our reading of the record, we are unable to follow defendants' contention that the case requires a consideration different from the rule of law as above laid down by this court.

If we take defendant Clifton G. Whitchurch's statement in his motion, that the reasonable value of the property was $10,000, as the basis of test, the evidence in that relationship being to the effect that he had spent $9,000 on the property and had refused $14,000 therefor, it is established by the record that plaintiff's purchase was not for $1,500, as asserted by defendants, but was subject to other liens aggregating approximately $4,500, so that in point of fact the purchase was for approximately $6,000. It was shown, also, that if plaintiff had bid the amount of his judgment of approximately $2,250, that would have been satisfactory to defendants. This, however, defendants contend was on the condition that confirmation of the sale would be held in abeyance pending disposition of other causes on appeal to which defendants were parties, and from which if they were successful funds would be available to discharge plaintiff's judgment, to which condition it was asserted plaintiff had agreed. Upon this point there was a sharp conflict. Defendant Clifton G. Whitchurch testified that immediately preceding the sale, plaintiff's attorney agreed with this defendant and his attorney that, in the bidding, defendants would bid a little less than the face of plaintiff's judgment,

and that plaintiff's attorney would thereupon bid the amount of the judgment for the property, and that confirmation of the sale would be held in abeyance pending the disposition of the cases on appeal.

Plaintiff's attorney did not know that plaintiff would be present in person, and his testimony was to the effect that he would bid the face of plaintiff's judgment in the event of competitive bids. At the sale, plaintiff was present, and, before the bidding, advised the defendant Clifton G. Whitchurch that he would bid $1,500 for the property, this being the amount of the original obligation, and that if defendant bid in excess thereof, plaintiff would not exceed his first bid, and in which case plaintiff would have to have the cash in the amount of defendant's bid, and that he would take a deficiency judgment for the remainder. Plaintiff further testified that he had not agreed to delay the final disposition of his case.

It is to be observed, also, that the record shows that the sale of the property to plaintiff was made approximately 18 months after the filing of the suit, that confirmation was not had for more than two months, and that the appeal was lodged in this court within a few days before expiration of the time fixed by law for the lodgment of an appeal, so that it may be said that no unfair advantage appears to have been taken of defendants by plaintiff, either to prevent unfair bidding on the property at the sale, or to take any unfair advantage of his adversaries in the purchase of the property.

In Dickinson-Reed-Randerson Co. v. Markley, 117 Okla. 17, 244 Pac. 754, it was held:

"Inadequacy of the price obtained for property at a sheriff's sale, which has been in all respects regular, will not be sufficient to avoid the sale, unless the person who has suffered thereby has been, at the time of the sale, under some kind of legal disability or restraint, which has prevented him from attending it, or unless circumstances of a fraudulent character be shown."

See, also, Lawton Mill & Elevator Co. v. Farmers & Merchants Bank of Cincinnati, Iowa, supra.

If, therefore, plaintiff's purchase price, subject to the liens pointed out, be even considered as inadequate, the court having found the sale to be according to the forms of the law, and there appearing to be no circumstances of such character as to constitute a fraud on defendants' rights in the sale, it must follow under the above authorities that the order and judgment of the

district court should be and the same is hereby affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.