B. F. MONTAGUE, Assignee of J. B. BURWELL v. RALEIGH SAVINGS BANK, et al.

*Mortgage—Sale—Injunction—Remedy at Law—Homestead.*

1. Where, in a complaint seeking to enjoin a sale of several tracts of mortgaged land, there is no allegation that there is any dispute as to the amount of any of the debts or that either of the mortgaged tracts is certainly of greater value than the mortgage upon it, or that the debtor has proceeded to have his homestead allotted either under an execution against him, or by petition, the sale under the mortgage will not be enjoined in order that a homestead may be allotted, since any surplus arising from the sale would still be realty in which the mortgagor could still assert his right to a homestead exemption.

2. Where the assignee of a mortgagor seeks to enjoin the sale of the mortgaged premises by the mortgagee and does not show that any irreparable damage will accrue to the debtor thereby or that there is any reason why the mortgagee is not a proper person to sell, the court will not enjoin the sale and subsitute a commissioner of the court in lieu of the one designated in the mortgage to exercise the power of sale.

3. The court will not order mortgaged land to be divided and sold in parcels, when such method is not stipulated for in the mortgage, unless some valid reason therefor is shown.

MOTION for an injunction to restrain the defendants, mortgagees, from selling the lands mortgaged to them by J. B. Burwell, (the assignor of plaintiff,) heard before *McIver, J., at Chambers,* in Raleigh, during January Term, 1896, of WAKE Superior Court. The injunction was refused and plaintiff appealed.

The complaint of plaintiff, used as ✸an affidavit, sets forth the execution to him by J. B. Burwell, on November 11, 1895, of a deed of assignment conveying all his property for the benefit of creditors; that the personal property is sufficient to pay only a small part of the debts; that the lands mortgaged by Burwell to the defendants are very valuable, being situated near the city of Raleigh; that plaintiff is not accurately informed as to the exact amounts due on the notes secured by the mortgage; and that the assignor, Burwell, was indebted to a corporation which had filed a builder's lien upon the building erected on one of the mortgaged tracts. Various docketed judgments are also referred to as held by some of the defendants which constitute liens on the land subsequent to the mortgages. The complaint further alleges:

" 10. That the property above described is very valuable and ought to sell for a large amount, and, in the opinion of plaintiffs, will do so, provided all the rights and equities between the parties can be properly adjusted and the

homestead properly allotted and defined; but plaintiff is informed and believes that some of the defendants, having liens upon the said property, are about to attempt to advertise and sell said property or portions thereof; and if they were allowed so to do, before an account is stated, and in the uncertainty that exists, the said property will not bring a fair price, and the unsecured creditors, as well as defendant J. B. Burwell, will be greatly injured thereby, the unsecured debts amounting in the aggregate to several thousand dollars; that plaintiff ought to be allowed a day to redeem after an account is stated between the parties and the amount due to each ascertained."

Wherefore, the plaintiff prays judgment:

"*First.* That an account be stated between the defendant, J. B. Burwell, and each of the other defendants, so that it may be ascertained what amount is due to each.

"*Second.* That the homestead may be properly allotted and defined, under the direction of the court, to the defendant, J. B. Burwell.

"*Third.* That the plaintiff may be allowed a day to redeem the said property, and in default, that the same may be sold under order of the court, and that the equities of the parties be adjusted, &c.

"*Fourth.* That the defendants be restrained from selling any of said property until the further order of the court.

"*Fifth.* For such other and further relief, &c."

The defendant, J. B. Burwell, admitted the allegation of the complaint and prayed that a homestead might be allotted to him in the lands.

The answers of the defendants, mortgagees, averred that sales of the mortgaged land had been advertised by the persons authorized by the deeds to conduct the sales, before the restraining order was issued or served on them; that there was no uncertainty as to the amount due on

the notes secured by the mortgages, statements of which had been frequently rendered to the mortgagor; that there was great doubt whether the lands would sell for enough to pay the debts ; that the builders' lien referred to in the complaint was not valid, not having been enforced within the time required by law, and that the corporation did not claim said lien to be in force ; that as to the right of Burwell to a homestead in the lands, the mortgages did not reserve it, and he had ample time before the sale to have the homestead allotted by petition or under executions on the judgments docketed against him. The mortgages did not provide for the sale of the lands (which were agricultural lands) in parcels.

His Honor refused the injunction and dissolved the restraining order and plaintiff appealed.

*Messrs. Armistead Jones* and *T. P. Devereux*, for plaintiff (appellant).

*Messrs Alex. Stronach* and *F. H. Busbee*, for defendants.

CLARK, J. : There seems no serious contention that there is any dispute as to the amount due upon each mortgage. The answers deny that there is any, and the complaint does not clearly and distinctly aver that there is. The case, therefore, does not fall within the principle laid down in *Purnell* v. *Vaughan*, 77 N. C., 268.

The allotment of a homestead, if made, would not interfere with the right of the mortgagees to sell under their mortgages, which contain no reservation of the homestead. There is no allegation that either of the mortgaged tracts is certainly of greater value than the mortgage upon it, (*Hinson* v. *Adrian*, 92 N. C , 121,) nor that the debtor has proceeded to have his homestead allotted either under one of the executions referred to, or by petition under *Code*, Sections 511, 515. Should the land sell for more than the

mortgage debt, the surplus money is still realty, in which the debtor can assert his homestead, as against any execution. *Hinson* v. *Adrian, supra.* The debtor, having thus his remedy at law, cannot resort to an equitable one.

The plaintiff has not alleged nor shown that any irreparable damage will accrue to him if the injunction is not granted, nor any reason why the court should substitute a commissioner to sell the property in lieu of those designated by the agreement of the parties in the mortgages, nor any legal ground why the court should order the mortgaged property to be divided and sold in parcels when it is not so stipulated in the mortgages. *Scott* v. *Ballard,* 117 N. C., 195. The defendants, however, voluntarily agree that the property may be sold in lots to suit purchasers. By consent of parties, it might be sold in lots, and at the same time each tract as a whole, the property to be disposed of as the result of the two sales proves most advantageous. In refusing the injunction there was no error.

No error.