## HARRIS v. STEVENS
### and
## STEVENS v. HARRIS.

Nos. 10376, 10389—Opinion Filed Dec. 6, 1921.

Rehearing Denied Jan. 10, 1922.

(Syllabus.)

1. **Judicial Sales—When Effective—Right to Rents and Profits.**

The confirmation of a judicial sale of real estate, and the sheriff's deed executed in pursuance thereof, take effect by relation as of the day of the sale, and the purchaser is entitled to everything he would have been entitled to if the confirmation and conveyance had been contemporaneous with the sale, including the rents and profits accruing between the day of sale and the date of confirmation and conveyance.

2. **Same—Partition—Appeal from Order Confirming Sale—Dismissal—Rents and Profits in Interim — Interest on Unpaid Purchase Price as Set-Off.**

Where H. became the purchaser of real estate at sheriff's sale in partition proceedings, which sale was duly confirmed by the court, and S., one of the owners of said land, appealed to the Supreme Court from the order of confirmation, but his appeal was dismissed, and where the purchase price was not paid until the mandate of the Supreme Court dismissing said appeal had been spread of record, and sheriff's deed delivered, held, that in an action by H. against S. to recover rents and profits accruing between the day of sale and issuance of deed, S. was entitled to set-off interest on the purchase price of said land from the day of sale until such purchase price was paid.

Miller, J., dissenting in part.

Error from District Court, Muskogee County; R. P. deGraffenried, Judge.

Action by James A. Harris against Harry L. Stevens for rents and profits on land bought at judicial sale. From a judgment in favor of the plaintiff, both plaintiff and defendant bring error. Affirmed.

John C. Graves, for plaintiff in error in No. 10376, and for defendant in error in No. 10389.

S. E. Gidney, for defendant in error in No. 10376, and for plaintiff in error in No. 10389.

NICHOLSON, J. On October 11, 1916, James A. Harris brought this action against Harry L. Stevens to recover rents and profits from certain real estate for the years 1913, 1914, and 1915. The record discloses that on May 5, 1913, at a partition sale made by the sheriff of Wagoner county under a decree of the district court of said county, James A. Harris became the purchaser of said real estate for the sum of $3,400; that said sale was by the court duly confirmed on the 17th day of May, 1913; that the defendant, Harry L. Stevens, one of the owners of said land and a party to the partition proceedings, appealed from the order of the trial court confirming said sale, which appeal was by this court dismissed on November 1, 1915; on January 27, 1916, the mandate of this court having been spread of record, James A. Harris paid to the sheriff of Wagoner county the purchase price of said real estate and received a sheriff's deed therefor. On June 24, 1918, the trial court found that Harris was entitled to rents and profits for said years as follows: For the year 1913, the sum of $330, with interest thereon at the rate of six per cent. per annum from December 1, 1913; for the year 1914, the sum of $200, with interest thereon at the rate of 6 per cent. from December 1, 1914, and for the year 1915, the sum of $330, with interest thereon at the rate of 6 per cent. per annum from December 1, 1915, making in all the sum of $1,044.04, but deducted therefrom the sum of $557.60, being interest on the purchase price of said land, viz., $3,400, at 6 per cent. per annum from May 5, 1913, the date of the sale of said land, to January 27, 1916, the date the sheriff's deed was delivered and purchase price paid, and rendered jugment in favor of Harris and against Stevens for the sum of $486.44, from which judgment Harris has appealed in cause No. 10376, and Stevens has appealed in cause No. 10389. Said causes have by stipulation of the parties been consolidated and will be treated as one case.

Harris complains of that part of the judgment which assessed him with interest on $3,400, at the rate of 6 per cent. from May 5, 1913, to January 27, 1916, and Stevens complains of the judgment against him for the difference between the rents and profits and the interest on the purchase price, viz., $486.44.

The case was submitted on the following agreed statement of facts:

"Comes now the plaintiff, J. A. Harris, by his attorneys, Graves & Dickey, Esqs., the defendant, Harry L. Stevens, by his attorneys, Gidney & Gidney, Esqs., but reserving all their objections and exceptions heretofore made and especially to the introduction of any evidence in this case and the interpleaders, J. M. Tackaberry and W. F. Seaver, by their attorney, S. B. Dawes, Esq., and agree that the following shall be the statement of facts to submit to the court in the trial of the above entitled cause, on this the 14th day of September, 1917.

"That this action was begun by the plaintiff on the 12th day of October, 1916; that the interpleaders, J. M. Tackaberry and W. F. Seaver, filed their interplea herein on March 26, 1917; that on the 5th day of May, 1913, at a partition sale, the sheriff of Wagoner county by decree of court theretofore rendered in the district court of Wagoner county, Okla., offered at public auction the west half of the southeast quarter of section 31, township 16 north, range 19 east, in said county, and that at said sale the plaintiff, J. A. Harris, became the highest bidder therefor at the sum of $3,400.00; that thereupon the plaintiff, J. A. Harris, delivered to the sheriff of Wagoner county, his check in the sum of $340.00, ten per cent. of said bid, but that said check was never cashed; that on the 17th day of May, 1913, the said sale was confirmed by the district court of Wagoner county, the sheriff having theretofore made return of said sale and the sheriff was directed to execute and deliver to the plaintiff the sheriff's deed for said real estate, and that the defendant, Harry L. Stevens, on the 26th day of May, 1913, appealed from said order confirming the sale as aforesaid and the said appeal was duly perfected in the Supreme Court of Oklahoma; that on or about the 1st day of November, 1915, the said appeal was by the Supreme Court dismissed and cause remanded with directions to the trial court to proceed with judgment; that on the 27th day of January, 1916, the mandate of the Supreme Court having been spread of record, the plaintiff delivered to the sheriff of Wagoner county the sum of $3,400.00, the purchase price of the real estate so purchased by him as aforesaid, and received the sheriff's deed for the same, and thereupon entered into possession of said real estate; that the said plaintiff had not prior thereto paid for said real estate nor demanded a deed therefor and was not a party to the appeal of said cause to the Supreme Court; that in February, 1916, the sheriff of Wagoner county disbursed to the several parties at interest in said suit of Beveridge v. Stevens et al., their respective portions of

said sum of $3,400.00 paid by the said plaintiff, Harris, to said sheriff as the purchase price of the land involved in said action, and that the defendant herein and the interpleaders herein are the original parties or their successors who received and accepted said disbursements. That on the 5th day of May, 1913, and prior thereto the defendant, Stevens, was in the possession of said real estate and continued in the occupancy thereof during the years 1913, 1914, and 1915, and delivered up possession of the same to the plaintiff at the time the plaintiff received his sheriff's deed therefor; that the reasonable rental value of said premises for the year 1913 is $330.00 and for the year 1914, $200.00; and for the year 1915, $330.00; that the crops were harvested on or before the 1st of December of each year; that the plaintiff has never demanded possession from the defendant for said premises nor any rents therefor prior to the institution of this action; that the interpleaders, J. M. Tackaberry and W. F. Seaver, nor either of them, have demanded of defendant possession of said premises or any part thereof or any rents thereupon, prior to the filing of their respective interpleas herein.

"It is further agreed that the interpleaders, W. F. Seaver and J. M. Tackaberry, claim, as against Stevens, the rental value of their respective interest in said lands for the years 1913, 1914, and 1915; that is to say, in said land awarded Winkler and Beveridge and from the order confirming said sale the defendant, Stevens, appealed, executed his supersedeas bond to all parties to that action, and remained in possession of said premises and collected the rents and profits accruing therefrom during said years, and now holds the same as against the plaintiff and these interpleaders; that the plaintiff claims by reason of the above facts all the rents and profits of said real estate as above agreed, and it is agreed that the jury may be discharged and the cause submitted to the court."

The questions for determination are: First, was Harris entitled to rents and profits from the date of the sheriff's sale, viz., May 5, 1913, or from the date of the sheriff's deed, January 27, 1916? Second, if he was entitled to rents and profits from the date of the sale, was he liable for interest on the purchase price of said land from the date of the sale until he actually paid such purchase price?

By the provisions of sections 4952 and 4953 of Revised Laws of Oklahoma, 1910, property sold in partition proceedings is sold as upon execution, and the sale must be confirmed by the court, and by the

weight of authority the confirmation of a judicial sale and the sheriff's deed of conveyance executed in pursuance thereof take effect by relation as of the date of the sale, and the purchaser is entitled to everything he would have been entitled to if the confirmation and conveyance had been contemporaneous with the sale, including the rents and profits accruing between the day of the sale and the date of confirmation and conveyance. R. C. L. vol. 16, pages 132-146; 24 Cyc. 64; Jashenosky v. Volrath, 59 Ohio St. 540, 69 Am. St. Rep. 786; Cale v. Shaw, 33 W. Va. 299; Taylor v. Cooper, 10 Leigh (Va.) 317, 34 Am. Dec. 737; Brasch v. Muney, 99 Ark. 324, 138 S. W. 458, Am. Ann. Cas. 1913B, 38.

In Payne v. Long-Bell Lumber Co., 9 Okla. 683, 60 Pac. 235, the court held:

"The purchaser or assignee of the purchaser of real estate at a sheriff's sale acquires such an interest in the property as to entitle him to file a motion for the confirmation of the sale, with or without the consent of the sheriff, and the confirmation relates back to the date thereof."

The sale having been made without reference to possession or the rents and profits, Harris, the purchaser, was entitled to rents and profits from the date of the sale, and the defendant, Stevens, could not deprive him thereof by appealing from the order of confirmation and thereby preventing the issuance of the sheriff's deed until January 27, 1916.

Counsel for Harris in his brief says:

"The second point on which plaintiff relies for reversal, to wit, that part of the judgment of the trial court charging him with interest on the purchase price, is one that we must solve from reason and not authorities."

The facts are that while Harris became the highest bidder for the property on May 5, 1913, and the sale to him was confirmed by the court on May 17, 1913, he did not in fact pay the purchase price until January 27, 1916, after the appeal of Stevens from the order of confirmation had been dismissed. Therefore, he had the use of the money for the time intervening between these dates, and it would, it seems to us, be unjust to award Harris rents and profits and to hold that he would not be liable for interest on the purchase price remaining unpaid.

In Wagner v. Cohen, 6 Gill (Md.) 97, 46 Am. Dec. 660, the court in the body of the opinion uses this language:

"Although this is the character of the imperfect right acquired by a purchaser at

a sale of this kind; yet it gives to him an inchoate and equitable title which becomes complete by the ratification of the court. When this is accomplished, the ratification retroacts, and he is regarded by relation as the owner from the period of the sale. He is as such proprietor entitled to the intermediate rents and profits of the estate; he cannot escape from the sale because he may believe it to be disadvantageous, and is bound to pay interest on the purchase money from its date; and has, therefore, a direct and strong interest in protecting the property from injury, and rendering it as productive as possible."

And in Jashenosky v. Volrath, supra, the court said:

"The general doctrine relating to the effect of the confirmation of a judicial sale is that it relates back to the day of sale and passes a title as of that day. The deed executed pursuant to the order of confirmation by relation takes effect as of the day of sale. This is the established doctrine in Ohio. Boyd v. Longworth, 11 Ohio, 236; Oviatt v. Brown, 14 Ohio. 286, 45 Am. Dec. 539. It was not applied in Black v. George, 26 Ohio St. 629. because by the terms of the sale there considered the purchaser's right to possession was deferred until the expiration of a current lease. The equity of the rule is manifest, because the purchaser cannot escape from the sale because he may think it disadvantageous to him, and he is required to pay interest from the day of sale on so much of the purchase price as he has not actually paid."

We conclude that the trial court was correct in charging Harris with interest on the purchase price from the day of sale until such purchase price was actually paid.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD. JOHNSON and ELTING, JJ., concur. MILLER. J., dissents in part.

MILLER J. (dissenting in part). I concur in the first paragraph of the syllabus and the rules and principles therein announced. I do not agree that the purchaser, who stands ready at all times to pay the purchase price, should be charged interest on the unpaid balance and that the amount of such interest should be set off against the amount due him for rents and profits. The purchaser could not invest this money; he was bound to keep it on hand ready to pay the balance due whenever payment was demanded; if he could not pay on demand, he would lose

the 10 per cent. he had already paid on the purchase price.

The same principle should be applied as where a debtor tenders to his creditor the amount due the creditor and the creditor refuses to accept the tender. If the creditor brings an action against his debtor and does not recover a greater sum than the amount tendered, the creditor is not entitled to interest after the date of the tender. It may be suggested the record does not show the purchaser made any tender. A sufficient answer to this is, a person is not required to do a useless thing. He bought the land, paid in 10 per cent. of the purchase price, all that was required of him. The sale was confirmed by the court, and one of the parties claiming an interest in the land before the sale took an appeal. It would have been useless for the purchaser to have made a tender. Therefore, it was unnecessary to make the tender. He had done all that was required of him. As soon as he had an opportunity to pay the balance of the purchase price and receive the deed, he responded by payment. Applying this principle, the purchaser is not liable for interest on the unpaid balance of the purchase price.