**LAWTON MILL & ELEVATOR CO. et al.
v. FARMERS & MERCHANTS BANK
of CINCINNATI, IOWA, et al.**

No. 10313—Opinion Filed Feb. 3, 1925.

1. Mortgages — Foreclosure — Appraisement and Sale—Discretion of Officer.

Where a decree of foreclosure contains no direction to the officer charged with the execution touching the appraisement and sale of the mortgaged property, he is vested with a discretion in regard to the matter which will not be disturbed, in the absence of a showing of prejudice to the party complaining.

2. Same — Validity of Sale—Mere Difference of Opinion as to Value.

The difference of opinion among witnesses as to the value of property will furnish no proper ground for disturbing a sale fairly made, and if those conducting the sale act in entire good faith in making the sale.

3. Same — Sales — Validity — Mere Inadequacy of Price.

Mere inadequacy of price standing alone is not sufficient to invalidate a judicial sale unless it be so gross and unreasonable as to indicate misconduct, fraud, or unfairness, on the part of those conducting the sale.

4. Same—Sale Sustained.

Upon a motion to confirm a judicial sale of real estate the evidence is considered, and held not to show that the price for which it was sold was grossly inadequate.

5. Same—Sale of Lands in Gross.

The mere fact that lands are sold in gross and not in lots is not of itself a sufficient ground for setting the sale aside.

6. Appeal and Error—Discretion of Trial Court—Confirmation of Judicial Sale.

A motion to confirm or set aside a judicial sale is addressed to the sound legal discretion of the court, and unless it affirmatively appears that the court has abused such discretion, its judgment on said motion will not be disturbed on appeal.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by Farmers & Merchants Bank of Cincinnati, Iowa, a corporation, against Lawton Mill & Elevator Co., a corporation, Frank E. Humphreys, Flora E. Humphreys, Farmers State Bank of Promise City, Iowa, and N. A. Robertson. From an order of the district court confirming a sale of real estate defendants Lawton Mill & Elevator Co., Frank E. Humphreys and Flora E. Humphreys, bring error. Affirmed.

Embry, Johnson & Kidd, for plaintiffs in error.

W. C. Stevens, for defendants in error.

Opinion by PINKHAM, C. This is an appeal by the plaintiffs in error from an order of the district court of Comanche county confirming a sale of real property and ordering the execution of the sheriff's deed therefor to N. A. Robertson, defendant in error, in an action there pending wherein defendant in error Farmers & Merchants Bank of Cincinnati, Iowa, as plaintiff, had recovered a judgment against the Lawton Mill & Elevator Co., Frank E. Humphreys, Flora E. Humphreys, Farmers State Bank of Promise City, Iowa, and N. A. Robertson, for the sum of $16,516.66, with interest and an attorney's fee; and the defendant in error Farmers State Bank of Promise City, Iowa, as cross-petitioner, had recovered judgment against the said Lawton Mill & Elevator Company and Frank E. Humphreys and Flora E. Humphreys for the sum of $5,505.48, together with interest and attorneys' fees; and the defendant in error N. A. Robertson, had, as cross-petitioner, recovered judgment against the said Lawton Mill & Elevator Company and Frank E. Humphreys and Flora E. Humphreys, for $3,303.30, with interest and attorneys' fees; and in the execution of which judgment the sheriff, upon order of sale, had levied upon and sold the following real property in the city of Lawton; Lots 1 to 13, inclusive, in block 44, in Woods addition to the city of Lawton, and also lots 25-28, inclusive, in block 66 in the city of Lawton.

This property belonged to the plaintiffs in error in this appeal, Lawton Mill & Elevator Co., Frank E. Humphreys, and Flora E. Humphreys, the judgment debtors. These lots were divided into two separate tracts, one tract being in block 66 of the city of Lawton proper, and the other in Woods addition to the city of Lawton. They were levied on, appraised, and sold at sheriff's sale for the sum of $11,500, to the defendant in error N. A. Robertson as one tract.

Upon the return of the sheriff's sale the purchaser, N. A. Robertson, moved that the same be confirmed, and plaintiffs in error, defendants in the court below, filed their objections thereto.

The court heard the testimony and confirmed the sale, from which order this appeal is taken.

It is first contended that the court erred in sustaining the objection to and excluding the correspondence of Frank E. Humphreys with Barnard-Leas Mfg. Company,

and the replies of the company as to the costs of mill machinery and the cost of such mill as that on the property sold.

On the hearing on the motion to confirm the sale the plaintiff in error Frank E. Humphreys, in support of the objections to confirmation of the sale, testified, in substance, that the Lawton Mill & Elevator Company property is situated on lots 1 to 13, inclusive, block 55 of Woods addition to Lawton; that lots 25-28, block 66, of original town-site of Lawton are several blocks from the above lots; that he was familiar with the cost and value of mill machinery, having bought such machinery at different times; that he examined this mill machinery in 1917, and from his knowledge of the value of mill machinery and his information as to this particular mill he was acquainted with the reasonable market value of this property in 1917, and that on the day of the sale complained of, November 1, 1917, the fair cash value of the mill proper and power plant and elevator on lots 1 to 13, inclusive, in block 44, Woods addition, without the real estate, was $45,000; that he was also acquainted with the smaller elevator on lots 25-28, block 66, city of Lawton, and that on the date of the sale complained of, $5,000 would have been a reasonable cash price for the time.

In this connection Mr. Humphreys, plaintiff in error, stated that he had applied to the firm that builds that system of mills, the Barnard-Leas Mfg. Company; that he gave them the machinery he had in the mill and asked them to duplicate the same and give him the price for which they could build a mill of that kind; that he received an answer to his inquiry and offered in evidence a copy of his letter and the answer to the same.

Counsel for defendants in error objected to their introduction, which objection was sustained.

The letter in answer to the inquiry made by Mr. Humphreys to the Barnard-Leas Mfg. Company as to the cost of the mill at that time was not signed by anyone, and the authenticity of the letter offered in evidence does not appear to have been established. Another letter signed by the president of the Barnard-Leas Mfg. Company, offered by the plaintiffs in error and denied admission in evidence by the court, simply stated that "there has been an advance on grain cleaning machinery of 20 per cent."

The property in question was appraised at $12,000. The testimony of the appraisers and other qualified witnesses with respect to the fair market value of the property at the time the appraisement was made shows, we think, very clearly, that the action of the court in sustaining the objection to the admission of these letters did not, in any manner, operate to the prejudice of the plaintiffs in error.

The first letter offered, designated as exhibit 1 in the record, was an unsigned communication and in that form, we think, was clearly inadmissible. The statement in the second letter, designated as exhibit 2 in the record, to the effect that certain classes of machinery had advanced 20 per cent. in the market was immaterial, and the refusal of the court to permit its admission in evidence was not prejudicial to the rights of the plaintiffs in error.

It is further contended that the court erred in sustaining the motion of N. A. Robertson to confirm the sale, and in overruling the objections of plaintiffs in error thereto, and in ordering the sheriff to execute the deed to Robertson, for the reason following: That the notice of, the sale was not published in a newspaper published for 52 consecutive weeks next before the first publication of such notice as required by law.

The sheriff's return recited that he caused publication of the notice of the time, place, and terms of said sale to be given over 30 days before the sale thereof by an advertisement in the Lawton News, a weekly newspaper printed and of general circulation in Comanche county, Okla., the publication of said notice being on the following days, to wit: First publication, September 29, 1917; second publication, October 6, 1917; third publication, October 13, 1917; fourth publication October 20, 1917; and the fifth publication, October 27, 1917. Copy of said publication, with the printer's affidavit of publication attached, is annexed to the sheriff's return and made a part thereof.

The evidence shows that a newspaper known as the Comanche County Times had been published for more than two years prior to the time it was consolidated with the Lawton News or Lawton Weekly News, and that this consolidation of these two newspaper occurred long prior to November, 1917, the exact time, however, not being made to appear by the record.

There was evidence to the effect that the Lawton Weekly News had not been published for quite a while up to the time of the consolidation with the Comanche County Times. However, it appears from the testimony that there has been a publication

of a newspaper for more than 52 consecutive issues, which was continued in force and under the name of the Lawton News.

The burden was upon the plaintiffs in error, when they made their attack upon the publication in question, to show by proper proof that the publication had not, as a matter of fact, been published for 52 consecutive weeks before the first publication of the notice of sale in the instant case. This, we think, the plaintiffs in error failed to do.

For a second reason it is contended that the property was in separate tracts, but wrongfully appraised as one tract, preventing bids for either except by purchaser desiring both, and thereby hindering fair competition.

The record shows that the order of sale was issued on the 5th day of September, 1917. Appraisement was made and returned on the 18th day of September, 1917, as shown by the sheriff's return, and the sale was not held until November 1, 1917.

The record discloses that no objection was made to the appraisement by anyone prior to the sale of the property. The record does not set out the judgment of the lower court foreclosing the mortgages of the several plaintiffs and defendants in the foreclosure action, and it cannot be determined from the record in what particular manner the property was ordered sold in the decree excepting as shown by certain recitals in the order of sale. The decree, so far as its contents are disclosed in the order of sale, found mortgage liens far in excess of the price realized at the sale and the decree, as far as the record shows the same, did not undertake to require a separate appraisement of the two tracts.

The testimony offered at the hearing shows that the elevator property and the mill property, although situated on several tracts, were used together in the operation of the mill.

A witness who had had 14 years' experience in the milling business, and had operated the mill in question, stated that the elevator located on one of the tracts was very essential for the mill on the other tract.

It further appears that the plaintiffs in error were present at the sale; that their attorney, who was also present, requested that the property be offered separately, and that the officer conducting the sale complied with this request by offering the property first separately and afterward offered all the property in one parcel, for the purpose of obtaining the best price.

There was testimony by witnesses who had had experience in the operation of mills of the kind here involved that the two properties were properly sold together.

The record discloses that full opportunity was given to all persons present at the sale, including the plaintiffs in error, to bid on one or both properties.

In the case of Kane v. Jonasen (Neb.) 76 N. W. 441, the court said:

"It is undoubtedly within the province of the district court to provide in a decree of foreclosure for the appraisement and sale of mortgaged premises in parcels or en masse as the best interests of the parties may require. Macomb v. Prentis, 57 Mich. 225, 23 N. W. 788; Water Co. v. Lombard (Kan. Sup.) 47 Pac. 532; Montague v. Bank, 24 S. E. 6, 118 N. C. 283. And if no direction in relation to the matter is contained in the decree the officer charged with its execution is vested with discretionary power and his action in the premises will be sustained in the absence of an affirmative showing of prejudice by the complaining party. * * *"

In the case of Miller et al. v. Trudgeon, 16 Okla. 337, 86 Pac. 523, it is said in the syllabus:

"The rule requiring the sale of disconnected parcels or pieces of land to be made separately on execution or order of sale on mortgage foreclosure, is not an arbitrary one, but is enforced when necessary to protect the rights of the debtor, and to insure the best prices that can be obtained for the property. Circumstances may exist which render it altogether impracticable to realize the best prices from separate sales. The ruling of the trial court in this respect will not be reversed by the appellate court unless plainly erroneous."

It is sufficient to say that we see no sufficient reason for concluding that the discretion of the officer conducting the sale was not properly exercised.

We are unable to discover from a careful examination of the evidence adduced on the hearing that the purchaser of the property used any undue means to procure an appraisement lower than the actual value of the property. The mill, it appears, was built some ten or twelve years before the sale, and the machinery put into the mill at that time, or the greater part of it, appears to have been second-hand machinery, which had been removed from another city, where it had been in use, to its present location.

There was testimony to the effect that the fair cash value of the property was much greater than that fixed by the appraisers, and also testimony of a very convincing character to sustain the appraisement. In other

words, there was a conflict in the evidence in this respect; but we conclude the finding of the district court is amply supported by the evidence, and will not be disturbed here.

The fact that witnesses differ from the appraisers in their estimate of the value of the property about to be offered at judicial sale furnishes no proper ground for disturbing a sale fairly made and affords no reason for holding the appraisement to be illegal.

A motion to confirm or set aside a judicial sale is addressed to the sound legal discretion of the court, and unless it affirmatively appears that the court has abused such discretion its judgment on said motion will not be distrubed on appeal. Duncan v. Eck, 65 Okla. 250, 166 Pac. 121.

The sale appears to have been in all essential respects fair and proper. We find no evidence of unfairness, deception, or impropriety.

We think the objections to confirmation were rightly overruled, and the sale properly confirmed, and that the judgment should be affirmed.

By the Court: It is so ordered.