**FERNOW et al. v. WATTS, Rec., et al.**

No. 24327.    April 9, 1935.

Rehearing Denied April 30, 1935.

Hays & Hays, for plaintiff in error L. P. Atwater.

C. A. Coakley, for plaintiff in error John Fernow.

Max G. Cohen, Frank Hickman, and Irvine E. Ungerman, for defendants in error.

WELCH, J.    John Fernow and L. P. Atwater, plaintiffs in error, sought by motion to have a receiver's sale set aside by the trial court. The defendants in error are M. H. Watts, receiver, and Jerome H. Narron, the purchaser of the property; the parties will be referred to as plaintiffs and defendants, as they appear in this court.

In June, 1931, the district court appointed Watts as receiver of all of the properties of the Liberty Royalties Corporation, and such receiver promptly took charge of such properties. John Fernow was president, member of the board of directors, and principal stock-

holder and general manager of the corporation, and Atwater is also a stockholder. In November, 1931, an involuntary petition in bankruptcy was filed against the corporation. Plaintiffs were not adverse to having the corporation adjudged a bankrupt, and the record indicates that to some extent they actively favored an adjudication in bankruptcy. On May 18, 1932, the judge of the United States District Court of the Northern District of Oklahoma, after some hearing on the bankrupt matter, continued the cause for ten days, indicating that unless certain creditors were paid in the total sum of some $3,000 by May 27th following, the corporation would be declared a bankrupt. On May 24th, the receiver applied to the state court for authority to sell certain producing royalties belonging to the corporation. On the same day such court ordered the sale of such property at private sale, finding in its order that it was necessary that such sale be made without delay and without notice. On May 25th, the receiver reported to the court the sale of such property to Narron, for a consideration of $12,000; Narron to pay approximately $8,000 to the Exchange National Bank in satisfaction of the corporation's indebtedness to the bank, and to pay the balance of the consideration, approximately $4000, to the receiver in cash. The bank held a mortgage on the property sold and practically all other properties of the corporation to secure the indebtedness mentioned. The court, on May 25th, approved this sale and ordered the receiver to transfer the property to the purchaser upon such terms.

On June 2nd, the plaintiffs, Atwater and Fernow, by their separate pleadings, sought to have the district court set aside the sale. They alleged lack of notice of the sale and of the confirmation, fraud, inadequacy of consideration, and failure to comply with the court's orders, and with the terms of the sale. On June 9, 1932, the court proceeded to hear these plaintiffs upon their respective pleadings. After hearing the testimony of various witnesses, the court denied plaintiffs' application and refused to set aside the sale. From that order of the court the plaintiffs have appealed.

In Lawton Mill & Elevator Co. v. Farmers & Merchants Bank, 109 Okla. 291, 234 P. 705, this court lays down the following applicable rule of law:

"A motion to confirm or set aside a judicial sale is addressed to the sound legal discretion of the court, and, unless it affirmatively appears that the court has abused such dis-

cretion, its judgment on said motion will not be disturbed on appeal."

In First National Bank of Tulsa v. Colonial Trust Co. et al., 66 Okla. 106, 167 P. 985, we observe the following:

"Where, at a hearing had upon objections to the confirmation of the return of sale made by the receiver, certain irregularities in the execution of the order of sale are shown and the objections are overruled and the sale confirmed, held:

"(a) That the court had the power to ratify and approve such irregularities, and did so by the order confirming the return.

"(b) That the objections and the motion to confirm were largely addressed to the discretion of the trial court, and in the absence of an abuse of such discretion, the appellate court will not be inclined to disturb the order."

In Nisbet v. Great Northern Clay Company, 41 Wash. 107, 83 P. 15, the court had under consideration a set of facts somewhat similar to that shown here, and we consider the language of that court to be peculiarly applicable to the instant case. We quote therefrom as follows:

"From the record we are satisfied that all parties thereto were advised of the proceedings concerning the sale of the property, and assented to the confirmation thereof, except the appellant. At least, no one except appellant has raised any objection to the proceedings. We are furthermore satisfied that the highest possible sum was obtained for the property. Appellant has in no manner pointed out how a greater sum might have been realized if it had been present and had actually participated in the proceedings. Without discussing the question of its right to notice of the proceedings, and assuming that appellant is in position to contest the regularity thereof, it is nevertheless true that, with its opportunity at the hearing of its petition, it has not shown that the trust had been in any sense the loser by the sale and its confirmation. We, therefore, think the court was fully justified in entering the judgment which was rendered upon the hearing of appellant's petition, which in terms reaffirms and reapproves the sale. This was an order entered after a full hearing from appellant, and it seems to us that appellant is now concluded thereby, so far as any question of notice is concerned. It has had its day in court, and an opportunity to be heard upon the questions it is urging. and, unless some substantial right has been violated, the order of confirmation should stand."

In the case at bar it would unquestionably have been better practice to give notice to all parties in any way interested in the property, prior to the sale and confirmation, but, under the facts as we find them in this particular case, it would appear that no injury has resulted from the lack of such notice. The court, upon these plaintiffs' pleadings, has granted them a full and complete hearing, promptly, and within ample time to have corrected any abuses which might have been the result of lack of notice. The record fails to disclose fraud, and there is abundant evidence to support the conclusion that there was no fraud, and that the property was sold at a fair price. The evidence shows that the receiver sought purchasers for the property through many sources, including brokers in New York and Canada, and many concerns in the city of Tulsa interested in such matters. Many prospective purchasers testified that the sale price of $12,000 was much more than they would be willing to give, and was a fair price for the property.

It was said at the hearing that, although the purchaser had paid the receiver the full amount agreed upon as the difference between the debt to the bank and the purchase price, he had not at that time paid the bank debt and secured a release of the corporation's property, and it is this condition which plaintiffs attack as being a failure to comply with the order of the court and the terms of the sale. The testimony does not disclose clearly what action was being taken by the receiver and the purchaser toward completing or consummating the sale in that regard. We think, however, under the circumstances, it is reasonable to conclude that the receiver had assumed full responsibility for the payment by the purchaser of this mortgage debt, and that the court in refusing to set aside the sale assumed that the same would be paid promptly, and that the receiver would be held responsible for such payment.

We cannot say the trial court abused its discretion in refusing to set aside the receiver's sale.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.