**JORDEN et al. v. MEE.**

No. 24510.   May 14, 1935.

Rehearing Denied June 4, 1935.

D. J. Jorden, for plaintiffs in error.

H. A. Wilkinson and S. A. Horton, for defendant in error.

PER CURIAM. Before disposing of this cause upon the merits, there are two motions respecting the bond superseding the judgment. One, a motion to set aside a former order; the other a motion to refer. Since the case now arises upon the merits, it will not be necessary to pass upon these motions other than to overrule them, and in order to hear the cause upon the merits, they are hereby overruled.

The plaintiffs in error were defendants in the trial court and the defendant in error was plaintiff, and will be so referred to in this opinion.

On the 5th day of October, 1931, a judgment was regularly entered ordering the sale of certain property in Oklahoma City for the satisfaction of a judgment upon a promissory note and real estate mortgage, and that judgment has become final. The property was thereafter sold to the plaintiff for the sum of $9,100. Objection to the confirmation of the sale was filed, and on August 1, 1932, the court heard the objection to the confirmation of the sale, and after the presentation of evidence thereon confirmed the sale, from which order confirming the sale and refusing to vacate and set aside the same this appeal is taken.

Although the objection filed attacks the notice of the sale and alleges other irregularities, the only irregularity showing in the sale is the fact that Jess Livingston made a bid of $9,200, but refused to make good his bid, and that the court ordered the sale confirmed on the second highest bid of the plaintiff, which was $9,100. The evidence discloses that the defendant D. J. Jorden was present at the sale and during all of the time of the alleged irregularities complained of. There is also evidence to support the fact that the defendant Jorden brought Livingston to the sale for the purpose of bidding in the defendant's behalf. Without going into the merits or good faith of the bid, we deem it sufficient to state that the court thoroughly examined the proceedings had at the time, and after such examination confirmed the sale.

Plaintiff and defendants both cite and rely upon the case of O'Bryan v. Davis (Ala.) 15 So. 860. That was a case in which personal property was sold under conditions slightly different but in a manner similar to the sale occurring in this proceedings. The trial court set aside the sale when the property was delivered to the second highest bidder and declared it void. On appeal in reversing the action of the trial court, the Supreme Court of Alabama said:

"But the sale was not void, as the court below declared it to be. Indeed, this remedy, by motion to vacate the sale, presupposes and implies that it is voidable only. * * * The sale then to O'Bryan Bros. was not void. It was irregular merely; and if it clearly appears that the irregularity caused the defendant material injury, assuming the propriety of the remedy now invoked, the sale ought to be set aside. The burden is on the party moving to show injury. We said, also, it must be clearly shown."

In connection with the above principle announced and for the purpose of showing injury, we assume, defendants argue:

"This conduct (the acceptance by the court of the only other bidder's price) has the ugly marks of a bold attempt to prevent Livingston, the highest and successful bidder, completing his purchase."

The evidence does not in the slightest degree support the statement. The evidence is uncontradicted that Livingston left the place of the sale, after the sale, and has not since then to this date offered to make good his bid.

This court has in a number of cases held that a motion to confirm or set aside a judicial sale is addressed to the sound legal discretion of the court. Lawton Mill & Elevator Co. v. Farmers & Merchants Bank, 109 Okla. 291, 234 P. 705; First National Bank of Tulsa v. Colonial Trust Co., 66 Okla. 106, 167 P. 985; Nisbet v. Great Northern Clay Co., 41 Wash. 107, 83 P. 15, Fernow v. Watts, 172 Okla. 128, 44 P. (2d) 24.

In the latter opinion, Justice Welch, speaking for the court, said:

"A motion to confirm or set aside a judicial sale is addressed to the sound legal discretion of the court, and unless it affirmatively appears that the court has abused such discretion, its judgment on said motion will not be disturbed on appeal."

The defendants have cited authorities to support the proposition that the sheriff has no authority to release a bidder. We point out that it was the court who made the confirmation of this sale, and that the authorities cited by the defendants supporting the rule that the sheriff has no authority to release the bidder also hold that if the sale is duly confirmed the liability of the bidder becomes absolute, and that the question of his liability depends upon the

action of the court at the confirmation of the sale. 16 R. C. L. sec. 117, and authorities cited.

The defendants also urge that the notice was defective in that there was no posting of notice in addition to the publication in the papers, and although the Supreme Court of Kansas has held that it is necessary only to publish the same in a newspaper publication in the county, and that this court, in McLaughlin v. Houston, Hudson Lumber Co., 31 Okla. 182, 120 P. 659, followed the Kansas court, the cause was reversed on other grounds, and that the holding that the posting of notice is unnecessary is ignoring the plain language of the statute. We see no reason to change the rule formerly announced by this court, and that complaint is without merit. It is also urged that there was no proper return. We have examined the allegation in the brief, which is the only place the improper return was urged, and find that it is without merit.

Upon the examination of the proceedings and the evidence submitted at the hearing on the motion to confirm the sale, we cannot say that the trial court abused its discretion in refusing to set aside the same. The judgment is affirmed.