SCHAVE et ux. v. NEW YORK LIFE INS. CO.

No. 28847.   Sept. 26, 1939.

Rehearing Denied Oct. 24, 1939.

Don Cameron, for plaintiffs in error.

Snyder & Lybrand and Yancey & Douglass, for defendant in error.

CORN, J. Plaintiffs in error, defendants below, seek to reverse a judgment and decree of the district court of Oklahoma county confirming a foreclosure sale. Hereafter we shall refer to the parties as they appeared in the trial court.

Plaintiff filed its action against these defendants, also naming as parties claiming some interest in the premises, Braniff Investment Company, a corporation; S. E. Grubb and Nora Grubb, husband and wife; Oklahoma Industrial Finance Corporation; Edward M. Schave and Ruth B. Schave, husband and wife; Standard Roofing & Material Company; William Gill and Ethel Gill, husband and wife; B. W. Merson; Cullen Lumber Company and Kilpatrick Bros., Inc., and asked judgment on a note and foreclosure of a mortgage executed by Henry J. Schave and Letha B. Schave.

All parties were dismissed, either for lack of jurisdiction over said parties or by reason of disclaimers filed by the parties, and the action was prosecuted against Henry J. Schave and his wife.

At the trial a jury was waived, and June 4, 1937, judgment was rendered for plaintiff for $7,603.09, interest, attorneys' fees, and costs; the court further decreed the property should be sold to satisfy said judgment if not paid within six months.

December 7, 1937, execution issued, and January 24, 1938, execution was returned, the property having been advertised and sold, being bid in by plaintiff for $8,000. Defendants then filed objections to confirmation of the sale. Motion to confirm the sale was filed and sustained over defendants' objections.

No evidence was taken and the appeal here is based upon the pleadings, journal entry, and rulings of the trial court. The assignments of error are presented under two propositions, the first of which is the contention the trial court erred in overruling the defendants' objections to the confirmation of sale and in sustaining the motion to confirm the sale, to which ruling the defendants saved exceptions.

The defendants attempted to show the plaintiff, through its agent, fraudulently and willfully gave out incorrect information regarding the amount due on the mortgage and the condition of the title of the land in order to stifle the bidding thereon, and that prospective purchasers of the property thereby refused to enter into any sale agreement with defendants, all by reason of such misrepresentations, in this manner preventing defendants from redeeming the property. The theory upon which this is based is that there being a gross inadequacy of price, accompanied by these other circumstances, a presumption of fraud was thereby raised.

The original mortgage involved herein was for $7,500. The judgment rendered, including certain delinquent items, amounted to $7,603.09. When sold at the execution sale the plaintiff bid the property in for $8,000. The decisions from this court are uniform in holding that mere inadequacy of price for property sold at a sheriff's sale is not sufficient to avoid the sale in the absence of fraud, irregularity, or other causes, unless the consideration is so grossly inadequate as to shock the conscience of the court. McLain Land & Investment Co. v. Swofford Bros. Dry Goods Co., 11 Okla. 429, 68 P. 502; Aldridge Hotel Co. v. Mainard, 171 Okla. 422, 43 P.2d 738; Myers v. Carr, 173 Okla. 335, 47 P.2d 156; Fiolle v. First Nat. Bank, 173 Okla. 501, 49 P.2d 145; Local Fed. Savings & Loan Ass'n v. Knie, 177 Okla. 633, 61 P.2d 635.

In the instant case no evidence was given that the price for which the plaintiff bid the property in was inadequate, nor were there any circumstances shown which would have justified the trial court in refusing to confirm the sale. The record reflects this foreclosure suit was filed May 5, 1936. The sale was held January 17, 1938, and confirmed March 11, 1938, at which time defendants did not offer any evidence to support their objections to the confirmation.

In view of this, and in the absence of a showing of other circumstances, we decline to hold the price paid at the foreclosure sale was inadequate; particularly in view of the further fact that defendants had ample opportunity to present evidence to the trial court in support of their objection to the confirmation of sale, but failed to do so.

It is a settled principle of law in this jurisdiction that the trial court's judgment upon a motion to confirm or set aside a judicial sale will not be disturbed on appeal, unless it affirmatively appears the trial court abused its discretion. See Burton v. Mee, 152 Okla. 220, 4 P.2d 33; Jorden et al. v. Mee, 172 Okla. 457, 45 P.2d 502; Fernow v. Watts, 172 Okla. 128, 44 P.2d 24; University of Tulsa v. Moores et al., 177 Okla. 548, 61 P.2d 25.

Defendants also advance the argument that the publication of the notice of sale was not sufficient to comply with the statutes. The affidavit of publication shows first publication was made on December 16, 1937, and every Thursday thereafter until January 13, 1938. The sale was advertised to be held January 17, 1938, and was so held.

Section 57, O. S. 1931, 25 Okla. Stat. Ann. § 103, provides for publication on Thursdays in daily newspapers. The affidavit of publication shows this notice appeared in each Thursday issue of The Legal News, a daily newspaper, for five consecutive Thursdays, and the sale was held, as advertised, on January 17, 1938, four days after the last publication of the notice. We therefore must conclude the sale was properly advertised as required by statute.

Defendants make a further claim of error in the action of the trial court in permitting defendants' counsel to withdraw from the case on the date set for presentation of the objections to the confirmation of the sale.

The record reveals the defendants employed three different attorneys, all of whom withdrew from the case. The record further shows counsel for defendants withdrew from the case on the day set for hearing on the motion for confirmation of sale.

The trial court found, after the hearing on said motion had been twice continued, that defendants did not appear, and that their counsel had withdrawn from the case with the defendants' knowledge and consent.

Under the authority of the cited cases, and consideration of such facts as are revealed by the record, we find no grounds for disturbing the judgment of the trial court.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur.