STREETS et al. v. STEPHENS.

No. 30330. Sept. 29, 1942.

*129 P. 2d 848.*

V. E. Stinchcomb, of Oklahoma City, for plaintiff in error.

Roger L. Stephens and Ted Foster, both of Oklahoma City, for defendant in error.

PER CURIAM, This appeal arises out of an action for reformation and injunction wherein the defendant in error was plaintiff and the plaintiff in error A. A. Ray was defendant. We will hereinafter refer to the parties as they appeared in the trial court.

On March 5, 1940, plaintiff recovered a judgment against the defendant and another not here involved for the sum of $16.02 costs, for which execution was directed to issue. On August 20, 1940, plaintiff caused execution to be issued on said judgment. The execution was levied upon a certain tract of land which belonged to the defendant A. A. Ray and which was not exempt from seizure and forced sale. The property so levied upon was duly appraised at the sum of $75 by appraisers called by the sheriff for that purpose, and thereupon advertised for sale in the manner required by law. A sale of said property was had on the 25th day of September, 1940, at which time it was sold to the plaintiff for the sum of $105. Motion to confirm sale was filed September 27, 1940, and came on for hearing October 11, 1940. The defendant filed no written objections to the sale, but on said day appeared in court by attorney and made the following offer:

"Comes now V. E. Stinchcomb, attorney for defendant A. A. Ray, and of-

290

fers to show that said judgment in this case was a judgment for costs and that the property was levied upon and advertised to be sold without notice to the defendant. That the said defendant was a nonresident of the State of Oklahoma and did not receive notice of said sale until the 10th day of October, 1940. That immediately on receipt of notice that he wired his attorney to redeem said property and that in pursuance to instructions, the sum of $16.02, plus the accrued and accruing court costs, as shown by the records of the court clerk, are hereby tendered into open court in cash in redemption of said property and the said defendant objects to the confirmation of such sale and as grounds for said objections state that said sale was not had in the manner and form as by law provided, and, second, that the redemption is tendered to defeat said confirmation."

The objections so sought to be interposed were overruled and the sale was confirmed. Defendant appeals from this order.

The defendant assigns three specifications of error which he presents under the following proposition:

"Where property is sold under general execution, it is error for the trial court to refuse to hear objections on motion to confirm sale and where there are special equities, it is error for the court to refuse to permit a judgment debtor to redeem before confirmation."

In support of the proposition so advanced defendant cites 12 O. S. 1941 § 765, Millard v. Nelson, 139 Okla. 56, 281 P. 238, and Whitchurch v. Doughty, 133 Okla. 283, 271 P. 1033. An examination of the authorities so cited will reveal that they do not have any application in the case at bar, the gravamen of defendant's complaint being that he did not receive any actual notice of the levy prior to the sale, and that he was not permitted to redeem and thus defeat confirmation of the sale. Defendant admits that he has been unable to find any authority to support his contention that such constitutes an irregularity which would justify the court in denying confirmation, but urges, in substance, that this court should hold that it consti-

tutes an abuse of discretion by the trial court. As said in Schave v. New York Life Ins. Co., 185 Okla. 554, 94 P. 2d 892:

"It is a settled principle of law in this jurisdiction that the trial court's judgment upon a motion to confirm or set aside a judicial sale will not be disturbed on appeal, unless it affirmatively appears the trial court abused its discretion. See Burton v. Mee, 152 Okla. 220, 4 P. 2d 33; Jorden et al. v. Mee, 172 Okla. 457, 45 P. 2d 502; Fernow v. Watts, 172 Okla. 128, 44 P. 2d 24; University of Tulsa v. Moores et al., 177 Okla. 548, 61 P. 2d 25."

Defendant does not allege that there was any fraud or unfairness practiced in making the sale or that the property did not sell for an adequate sum. Under these circumstances he is, in effect, requesting that the court arbitrarily relieve him of the consequences of his failure to satisfy the judgment which had been rendered against him before enforcement thereof by execution was undertaken. The statute cited, supra, was adopted from Kansas when it had been construed in a number of well-considered cases. Among others, that of New England Mortgage & Security Co. v. Smith, 25 Kan. 622, wherein it was held:

"The court has no right at its mere discretion to release the purchaser or to permit a tender after sale."

This case was cited with approval in Payne v. Long-Bell Lumber Co., 9 Okla. 683, 60 P. 235, which involved the foreclosure of a real estate mortgage. We have adhered to this view in a recent case involving a sale under general execution, being that of Mentzer v. Miller, 176 Okla. 1, 54 P. 2d 1038, wherein we said:

"No authority is shown to sustain the view that after sheriffs' sale of real estate on execution, the former owner and judgment debtor may have the sale vacated merely upon payment of the original judgment and costs. To so hold would be to create or extend a redemption period without any authority."

It is the policy of the law to hold judicial sales final, and in the absence of fraud, unfairness, or inadequacy of price so great as to shock the conscience of the court, it is not an abuse of discretion to confirm a sale which has made in all essential respects in conformity with statutory requirements. Barnard v. First National Bank, 176 Okla. 326, 55 P. 2d 972; Cole v. Prudential Ins. Co. of America, 181 Okla. 47, 73 P. 2d 119.

The trial court found that the proceedings had by the sheriff on the sale here involved were in all respects regular and in conformity with the statutes, and the record supports such finding. No abuse of sound discretion by the trial court is shown, nor is there any reversible error presented. Under these circumstances the order will not be disturbed.

Judgment affirmed.

OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.