### JELKS et al. v. AETNA LIFE INS. CO.
#### No. 2636.

Circuit Court of Appeals, Tenth Circuit.

April 15, 1943.

Hatcher, Hatcher & Taylor, of Oklahoma City, Okl., for appellants.

W. D. Calkins, of Oklahoma City, Okl., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This appeal challenges two orders entered in a proceeding under § 75 of the Bankruptcy Act.[1] The facts are these: George W. Jelks and Nora E. Jelks[2] executed a mortgage on a tract of land situated in Grady County, Oklahoma, to the Aetna Life Insurance Company[3] to secure a note for the principal sum of $4,000, dated September 11, 1923, with interest from date at five and one-half per cent per annum. An action to foreclose the mortgage was filed October 25, 1937. A judgment of foreclosure was entered January 10, 1940. An order of sale could not issue until the expiration of six months from the date of the judgment.[4]

Pursuant to an order of sale, the county sheriff advertised that the mortgaged property would be sold to satisfy the judgment of foreclosure, on August 12, 1940. Prior to August 12, 1940, the Insurance Company and the debtors entered into an agreement that the sale would be recalled and the debtors given until March 1, 1941, to refinance their obligation. The debtors were unable to refinance their obligation and the mortgaged property was again advertised to

---

[1] 11 U.S.C.A. § 203.
[2] Hereinafter called the debtors.
[3] Hereinafter called the Insurance Company.

[4] See 12 O.S.1941 § 760; 46 O.S.1941 § 4.

be sold at sheriff's sale on July 28, 1941. At the sheriff's sale, the mortgaged property was bid in by the Insurance Company for the amount due on its judgment, which was approximately $5,400.00.

On July 30, 1941, the debtors filed their petition under § 75 of the Bankruptcy Act and in Schedule B-1 thereto set forth the mortgaged property. On August 25, 1941, they filed in the foreclosure proceeding written objections to confirmation of the sale.

On October 9, 1941, upon a petition filed by the Insurance Company, the bankruptcy court entered an order granting the state court permission to hear and determine the question of confirmation of the sheriff's sale and, if it confirmed the sale, to order issuance of the sheriff's deed to the Insurance Company. On July 28, 1942, the state court, in the foreclosure proceeding, entered its order confirming the sale and directed the issuance of the sheriff's deed to the Insurance Company.

On August 22, 1942, the bankruptcy court, after finding that the state court, pursuant to permission of the bankruptcy court, had proceeded to hear and determine the question of confirmation of the sheriff's sale and had entered its order confirming such sale and directing the issuance of the sheriff's deed to the Insurance Company, and that the sole and only property set forth in the schedule of the debtors was the mortgaged property, entered its order adjudging that the bankruptcy proceeding be dismissed.

The debtors rented the mortgaged property in 1938 and removed to Oklahoma City and never thereafter occupied such property. From and after September 25, 1940, it was in possession of, and operated by, a receiver appointed by the state court.

On September 22, 1942, the debtors filed notice of appeal from the orders of October 9, 1941, and August 22, 1942.[5]

 The assignments of error are all directed to the order of October 9, 1941.

When the notice of appeal was filed the time for appealing from the order of October 9, 1941, had expired, and it had become a final order and was no longer subject to review.[6]

Under the law of Oklahoma, the debtor may not redeem after the foreclosure sale. The sale effectually extinguishes all of his rights; the equitable title passes to the purchaser;[7] and the confirmation relates back to the date of the sale.[8]

Where, under local law, the foreclosure sale extinguishes all right and interest of the debtor in the mortgaged property, and cuts off his right to redeem, and the debtor's petition is filed subsequently to the foreclosure sale, the bankruptcy court acquires no jurisdiction over such property and cannot grant the debtor any relief with respect thereto under § 75.[9]

The appeal from the order of October 9, 1941, is dismissed. The order of August 22, 1942, is affirmed.

---

5 The notice of appeal designates an order of October 28, 1941. The record discloses no order of that date and it is manifest from the assignments of error that the intention was to designate the order of October 9, 1941.

6 See Marcy v. Miller, 10 Cir., 95 F.2d 611; In re Trust No. 2988 of Foreman Trust & Savings Bank, 7 Cir., 85 F.2d 942.

7 Payne v. Long-Bell Lumber Co., 9 Okl. 683, 60 P. 235, 238, 239; Streets v. Stephens, Okl.Sup., 129 P.2d 848, 849; Mentzer v. Miller, 176 Okl. 1, 54 P.2d 1038, 1040.

8 Harris v. Stevens, 84 Okl. 196, 202 P. 1024, 1026; Watkins v. French, 149 Okl. 205, 299 P. 900, 902, 76 A.L.R. 1146.

9 State Bank of Hardinsburg v. Brown, 317 U.S. 135, 63 S.Ct. 128, 87 L.Ed. —.