**In re SNOW, Gerald W. and Judy S. d/b/a J & G Construction Co., Inc., Debtors.**

**Bankruptcy No. 88–03795–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Dec. 20, 1988.

Terry P. Malloy, Tulsa, Okl., for debtors.

Dominic Sokolosky, Tulsa, Okl., for movant First Bank of Owasso.

## ORDER SUSTAINING FIRST BANK OF OWASSO'S MOTION FOR DECLARATORY RELIEF

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes before the court this 15th day of December, 1988 on the Motion of First Bank of Owasso ("First Bank") for Declaratory Relief or, in the alternative, for Modification of the Automatic Stay.

The court finds that on July 27, 1988, First Bank commenced an action in the Tulsa County District Court styled *First Bank of Owasso v. Gerald W. Snow, et al.,* Case No. CJ–88–4597, seeking judgment against the debtors on two promissory notes and foreclosure of certain mortgages securing said notes.

The property owned by the debtors which was the subject of the state court action is described as:

The South 120' of Lot One (1), Block Two (2), Riverview Village Second to the City of Tulsa, County of Tulsa, State of Oklahoma, according to the recorded plat thereof ("the Shopping Center"); and

The South 101' of the North 305' of the N/2, S/2, NW/4 of Section 33, Township 19 North, Range 12 East of the Indian Base and Meridian, Tulsa County, State of Oklahoma, according to the United States Government Survey thereof (the "Unimproved Property").

On October 14, 1988, the Tulsa County District Court entered its partial Journal Entry of Judgment and Decree of Foreclosure granting to First Bank judgment against the debtors in an amount in excess of $350,000 and ordering the Shopping Center and the Unimproved Property (collectively referred to as "the Property") sold at sheriff's sale, with appraisement.

The Shopping Center was appraised at $200,000 and the Unimproved Property was appraised at $60,000.

On November 29, 1988, the Tulsa County Sheriff sold the Shopping Center to First

Bank for $200,000 and sold the Unimproved Property to First Bank for $40,000.

First Bank filed their motion to confirm the sheriff's sale which hearing on confirmation was set for December 20, 1988 at 8:50 o'clock a.m.

The debtors filed their chapter 11 voluntary petition on December 12, 1988.

The movant filed the instant motion on December 13, 1988 requesting that this court declare the redemption rights of the debtor terminated by the sale of the Property citing *Payne v. Long-Bell Lumber Co.,* 9 Okl. 683, 60 P. 235 (1900) and its progeny. The debtors object to the movant's request citing *Lincoln Mortgage Investors v. Cook,* 659 P.2d 925 (Okla.1982), which they assert overruled *Payne* and the long line of cases which relied on the *Payne* holding. The court finds, for the reasons as set forth below, that the Motion of First Bank for Declaratory Relief should be sustained.

The issue before the court is whether the subject Property may be construed to be property of the debtors' estate under sec. 541 of the Bankruptcy Code. Section 541(a)(1) provides that the debtors' estate is comprised of all legal and equitable interests of the debtor in property as of the commencement of the case. *Id.* If the debtor's equitable rights of redemption at the time of the filing of the debtors' bankruptcy petition were still viable, the debtors would have equitable rights in and to the subject Property. The Property would therefore be a part of the debtors' estate. If, however, the debtors' redemption rights were terminated at the foreclosure sale of the Property, the debtors would have no remaining rights in and to the Property and said Property could not be construed to be a part of the debtors' estate. This court must therefore determine when and if the debtors' redemption rights terminated.

In Oklahoma, the right to redeem is purely statutory and may be exercised only in the manner prescribed by statute. Okla. Stat. tit. 12 sec. 765. *See also Payne v. Long–Bell Lumber Co., supra; Jelks v. Aetna Life Insurance Co.,* 134 F.2d 870 (10th Cir.1943).

The Oklahoma Supreme Court in *Payne, supra,* in specifically addressing the issue, held that "the doctrine is well settled that a mortgagor, *after sale, has no right to redeem the property,* in the absence of an express statute giving him the right to such redemption." *Id.* at 238 (emphasis added). The court further held, that if the sheriff's sale was held in conformance with the statutory requirements, "it is the duty of the court to confirm the sale. The court has no right to, at its mere discretion, to release the purchaser, or permit a tender after sale." *Id.* at 239.

In *Sooner Federal Savings & Loan v. Bailey,* 58 O.B.J. 1365 (Okla.App.1987) (Means, J., unpublished opinion), the Oklahoma Court of Appeals, in interpreting the Oklahoma Supreme Court's holding in *Payne, supra,* held that the parties' rights become fixed at the time of sale. *Id.* at 1367. The confirmation of the sale thus relates back to the date of the sale and the purchaser acquires full legal title from that point in time. *Harris v. Stevens,* 84 Okl. 196, 202 P. 1024 (1921).

In *Streets v. Stephens,* 191 Okl. 289, 129 P.2d 848 (1942) (per curiam), the court, faced with the issue as to whether it was error to permit a judgment debtor to redeem before confirmation, held that "the ... judgment debtor is not as a matter of right entitled to have confirmation of the sale denied merely on an offer to pay the judgment and costs." *Id.* at 848.

The Tenth Circuit Court of Appeals, in interpreting Oklahoma's statutory redemption rights after sale, held in *Jelks v. Aetna Life Insurance Co., supra,* that a mortgagor may not redeem after a foreclosure sale, the sale effectively extinguishing all of the debtor's rights. *Id.* at 871.

Oklahoma law has thus been consistent in interpreting 12 Okla.Stat. sec. 765 as providing for a redemption period which terminates at sale. *See infra.*

The debtors, however, cite to and seek solace in *Lincoln Mortgage Investors v. Cook, supra.* Based on the above and contrary to the debtors' contentions, this court concludes that *Lincoln Mortgage Investors v. Cook, supra,* did not overrule

*Payne* and its progeny. *Lincoln Mortgage* dealt solely with the validity of a due-on-sale clause in a mortgage. No sale had occurred and none of the issues involving confirmation were before the court. The *Lincoln Mortgage* court nevertheless expressed in dicta that the "right [of redemption] is exercisable any time between default and confirmation of the sheriff's sale." *Id.* Although seemingly at odds with *Payne*, the Oklahoma Supreme Court, as authority for the dicta relied on *Mills v. Reneau*, 411 P.2d 516 (Okla.1965). A review of that opinion does not offer any foundation for the rather gratuitous extension of a debtor's redemption rights. There is nothing in the opinion, in fact, which references when such redemption rights are exercisable.

This court thus holds, relying on well settled case law which has been the law in the state of Oklahoma for at least eight-eight years, that a debtor's redemption rights are extinguished upon sale of the foreclosed property. *Jelks v. Aetna Life Insurance Co.*, 134 F.2d 870 (10th Cir. 1943). The motion for declaratory judgment is thus sustained.

IT IS THEREFORE ORDERED that the Motion of First Bank of Owasso for Declaratory Relief is sustained, the debtors having lost their redemption rights upon sale of the foreclosed property.