## FIOLLE et al. v. FIRST NAT. BANK OF THOMAS.

### No. 24938.    Sept. 17, 1935.

I. H. Lookabaugh, for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error.

PER CURIAM. On March 21, 1932, the defendant in error, the First National Bank of Thomas, Okla., hereinafter referred to as the bank, obtained judgment in a foreclosure action on a note and mortgage theretofore given by one Luella Fiolle and husband.

On September 22, 1932, an order of sale was issued and placed in the hands of the sheriff for execution; notice of sale was given, and on the day of sale the sheriff, being absent on some other business, left the actual calling of the sale in the hands of the jailer or deputy. Said sale was called by said deputy or jailer at 2 o'clock p. m., on the day specified in the notice, and the land was then sold to the plaintiff in error, I. H. Lookabaugh, hereinafter referred to as the purchaser, for the sum of $26. While the said deputy or jailer and the purchaser at said sale and the defendant in the original foreclosure action were still present at the place of sale, the bank's attorney came up and asked that he be permitted to bid the sum of $500 for the land; that he had been delayed by reason of a bad detour en route to the place of sale, for which reason he was a few minutes late. The evidence is conflicting as to whether the bank's attorney was two minutes or 20 minutes late, but all parties agree that the sale had just been made and the bid of the plaintiff in error accepted for the sum of $26.

As shown by the sheriff's return:

"At said sale to the best of my information and as I am reliably informed when the hour of 2 o'clock p. m. arrived, the said Lookabaugh who is an attorney advised the said Miller that it was his duty to immediately offer the property for sale, this was done by said Miller and within a few minutes after 2 o'clock, and just as the bid had been accepted a member of the firm of attorneys appeared and offered the sum of $500 for said property if the said Miller would allow him to bid, but the said Lookabaugh advised the said Miller that he could not accept further bid; that the sale of the property for $26 was final, and that the said Miller allowed the bid of said Lookabaugh to stand as he felt it was his duty and under the law, the said Miller not knowing of the custom and practice of sheriff as stated above herein. That the undersigned makes this return into court, leaving the court to decide as to the validity of such sale."

Motion to confirm said sale was filed by the purchaser and objections to confirmation and motion to set said sale aside were filed by the bank. On hearing had, all parties being present, the trial court entered its order denying the motion of confirmation and sustaining the objections of the bank thereto. The court does not make a finding of fact, nor assign any reason for its action.

Plaintiff in error, the purchaser at said sale, in presenting his brief herein, does not argue all the matters and things raised in

his petition in error, and many of the alleged errors are not reviewable by this court. He rests his case upon the fact, as he claims, that there are no equities in favor of the bank, and that mere inadequacy of price bid is not sufficient in itself to set aside a judicial sale, and that the facts and circumstances surrounding this sale are not sufficient to bring this case within the exception to said rule, as laid down by this court in State ex rel. Commissioners of the Land Office v. Wilson, 124 Okla. 263, 254 P. 968.

On a motion to confirm a sale the court should carefully examine the officer's proceedings, and if in conformity to the statutes in such cases made and provided and there are no other conditions, should confirm the sale. Mere inadequacy of price bid is not of itself a sufficient cause for setting aside a sale, in the absence of fraud or irregularity or other causes appealing to the equitable jurisdiction of the court, but all of the authorities hold uniformly that gross inadequacy of consideration, coupled with very slight additional circumstances. is sufficient to set aside such sale, and that where the consideration is so grossly inadequate as to shock the conscience of the court, it is alone sufficient. State ex rel. Commissioners of the Land Office v. Harrower, 167 Okla. 269, 29 P. (2d) 123; Fowler v. Krutz et al., 54 Kan. 622, 38 P. 808; Means et al. v. Rosevear, and 42 Kan. 377, 22 P. 319; Magann et al. v. Segal et al., 92 F. 252, 34 C. C. A. 323; Wolfert v. Milford Sav. Bank, 5 Kan. App. 222, 47 P. 175.

As was said by this court in Duncan v. Eck, 65 Okla. 250, 166 P. 121, 122:

"It is the duty of the court in confirming or setting aside a sheriff's sale to protect all parties concerned, the owners and the creditors of the owners, as well as the purchaser. 'Whether the sale should be confirmed is a matter within the sound discretion of the court; but it is a discretion that must be exercised reasonably and not arbitrarily, and if abused is subject to review on appeal. The same must appear to be in all essential respects fair and proper' "

In State v. Harrower, supra, this court quotes with approval Gibson's Suits in Chancery, sec. 631, where the author thus states the rule in equity cases:

"A party may have a sale set aside whenever the property has not sold for a fair price, and there has been * * * (3) the master has been guilty of some other misconduct, or irregularity, injurious to the sale; or (4) the purchaser has been guilty of some misconduct tending to diminish the price, or discourage bidding; or (5) others have been guilty of combinations, or other acts injuriously affecting the sale; or (6) the weather was so exceedingly inclement, or the waters so high, or in some other way bidders were prevented, or deterred, from attending the sale; or (7) for some other reason, not the fault of the party complaining, a fair sale was not had. * * * If the property has sold for so good a price that a resale would probably avail nothing, the court may disregard all irregularities in the sale. * * *"

In the case at bar, the trial court not having given his reasons for refusing confirmation, we have reviewed the testimony given at the time motion to confirm said sale was heard, and from our review of the testimony we cannot say that the trial court was not fully justified in concluding that the price for which the land sold was so inadequate as to shock the conscience of the court, and that, in addition thereto, other circumstances connected with said sale appear in the record appealing to the equitable side of the court.

The bank having offered to bid $500 for said land on the day of sale and maintaining said offer ever since said time we are justified in concluding the value of the land involved not less than $500. Such being the case, a purchase thereof for but $26 is unconscionable, and the trial court is fully justified in exercising his discretion under the circumstances of this case and refusing confirmation.

Taking this view of the matter, we see no necessity in going into the other questions raised by the briefs. Doubtless all of these other matters were considered by the trial court in denying motion to confirm, and we see no error in the court's action. The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Paul N. Humphrey, Charles E. Gray, and Frank T. McCoy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court, After the analysis of law and facts was prepared by Mr. Humphrey and approved by Mr. Gray and Mr. McCoy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.