### UNIVERSITY OF TULSA v. MOORES et al.

No. 27041.    Sept. 8, 1936.

Rehearing Denied Oct. 6, 1936.

Roscoe E. Harper, Gentry Lee, and Fenelon Boesche, for plaintiff in error.

Hazen Green and Otho Green, for defendant in error.

CORN, J.    A petition for foreclosure of real estate mortgage was filed in the district court of McIntosh county; judgment was rendered for plaintiff, plaintiff in error herein, and special execution and order of sale was duly issued. Notice of sale was had, and on the day and date specified in said notice, the sheriff sold the lands involved to defendant in error, D. H. Moores, who was not a party in the foreclosure proceedings, for $800, which was two-thirds of the appraised value of the lands. Said Moores filed a motion to confirm the sale some 30 days after his purchase of the property. Upon a hearing had thereon the court sustained the motion and confirmed the sale. From this confirmation of sale, plaintiff in error appeals.

The only question before this court is: Did the trial court abuse its discretion?

It is the contention of plaintiff in error that the price paid for the land was inadequate, and for that reason the trial court should be reversed. In this case the lands involved were duly and legally appraised by disinterested appraisers appointed and sworn as required by law, to inspect and appraise said premises, who thereupon placed an appraisement or valuation of $1,200.

The witness Duncan who was and is treasurer of plaintiff in error, on cross-examination, testified:

"Q. Now, isn't it true that if you had

been here and Mr. Nichols had been here, if there had been no other bidders that you would probably have bid it in for something like two-thirds of its appraised value? A. Yes, sir."

The property sold for two-thirds of its appraised value, and this meets the requirements of the statute (section 453, O. S. 1931). Can it be seriously contended by plaintiff in error that the court abused its discretion in confirming this sale for a price of two-thirds of the appraisal of the property, and when coupled with the testimony of the witness Duncan, who is treasurer of plaintiff in error, and an interested party, that he would have bid the property in for something like two-thirds its value as appraised, and there being no other bidders present? We think not, as the court clearly followed the statute and approved a sale that brought a sufficient sum to satisfy the provisions thereof. It is admitted that the defendant in error bid in good faith and paid the money to the sheriff at the time of the sale. There is no fraud or unfairness practiced by the defendant in error.

Plaintiff in error in its brief apparently relies on the case of State ex rel. Com'rs of the Land Office v. Harrower, 167 Okla. 269, 29 P. (2d) 123, for a reversal of this case. The fourth paragraph of the syllabus in that case is as follows:

"It is the policy of the law that a judicial sale shall be final, and in the absence of fraud or unfairness or unless the inadequacy of price is so great as to shock the conscience and an advance bid is tendered, the court of equity is not authorized to set aside the sale."

On page 275 of 167 Okla., this court said:

"From a careful examination of the authorities, we think the general rule is fairly stated by the annotator in the footnote to the case of Suring State Bank v. Geise, [210 Wis. 489, 246 N. W. 556], supra, wherein he states; 'It is the general rule that in the absence of fraud and unfairness, mere inadequacy of price will not invalidate a foreclosure sale, unless the price is so grossly inadequate and unconscionable as to shock the moral sense, or unless there be additional circumstances against its fairness. However, if there be great inadequacy, slight circumstances of unfairness in the conduct of the party benefited by the sale will suffice to justify setting it aside. It is difficult to state a more definite rule than this, and each case must stand upon its own peculiar facts. 19 R. C. L. 584.'

"In the case at bar we are dealing with a state of facts that brings it within that class of cases where the price is so grossly inadequate and unconscionable as to shock the moral sense and a substantial advance bid is tendered by the mortgagee."

On page 271 of 167 Okla., this court quoted with approval the second paragraph of the syllabus in the case of Fowler v. Krutz, 54 Kan. 622, 38 P. 808, which case was cited with approval in Duncan v. Eck, 65 Okla. 250, 166 P. 121:

"The trial court is invested with considerable discretion in confirming or vacating a sale, and, unless that discretion has been unwisely exercised and abused, an appellate court will not disturb the ruling made."

Plaintiff in error contends that the trial court should be reversed because its attorneys forgot to attend the sale. The fact that the attorneys forgot to attend the sale is not sufficient ground upon which to reverse the trial court's order of confirmation or its order refusing to set the sheriff's sale aside. Witness Duncan testified:

"Q. What did he tell you? A. Since I found out that he did not appear at the sale I called him up and he stated that he had been so busy with his work at McAlester with the W. P. A., * * * that he just forgot to see about it."

There was no fraud or unfairness alleged or proved, nor was there alleged or proved gross inadequacy of price or a price so low as to shock the conscience. It is nowhere contended that plaintiff in error and its attorneys did not know of the date of the sale. Its attorneys directed the issuance of the execution and order of sale, and of the giving of notice of the sale, the name of Clark & Jack Nichols appearing on each instrument as attorneys for plaintiff in error.

In the case of State ex rel. Commissioners of the Land Office of Oklahoma v. Wilson, 124 Okla. 236, 254 P. 968, in the third paragraph of the syllabus this court held:

"Mere inadequacy of consideration is not sufficient, of itself, to set aside a judicial sale, yet, where the inadequacy is gross, a slight showing of fraud or irregularity only is required to authorize setting it aside, but evidence of carelessness, negligence, or oversight of the party complaining is not sufficient, although the consideration may be grossly inadequate."

It is true that this court in the Harrower Case, supra, refused to follow the above rule that a court of equity may not under any circumstances refuse to confirm a sale where the price bid is so grossly inadequate as to shock the conscience of the court. In the Harrower Case the trial judge made the following statement:

550

"As has been said, gentlemen, I have confirmed a great many sales and when I first heard the motion for confirmation of this sale, the fact of just a bid of $50 for land that was admitted to be reasonably worth $2,000, I couldn't reconcile it. I couldn't be satisfied about it. It seemed shocking. * * *"

In the instant case the trial judge made no such statement or finding. He simply heard all of the evidence that was presented and overruled the motions to set aside the sheriff's sale and the order of confirmation thereof; sustained the motion of defendant in error to confirm the sale, and confirmed the sale and directed the sheriff to execute a deed to defendant in error, and the temporary restraining order issued by the county judge in the absence of the district judge from the county was thereby dissolved.

There was an appraisement in this case, made by disinterested parties, who were appointed by the sheriff, at the instance and request of plaintiff in error.

The trial court had the sworn return of the three appraisers, as opposed to the testimony of the plaintiff in error.

The mere fact that plaintiff in error offers to bid at least $2,500, if a new sale be ordered, means nothing, so far as actual value of the land is concerned, for by its own words it admits that it cannot collect anything from the judgment debtor, and its judgment is in excess of that amount.

The price paid was not grossly inadequate, it was not so low as to shock the conscience, nor was there fraud or unfairness on the part of defendant in error. The plaintiff in error and its attorneys knew the date of sale, but merely forgot to attend.

Under the facts in this case, we are unable to determine that the trial court abused its discretion. The judgment of the trial court is therefore affirmed.

McNEILL, C. J., and RILEY, WELCH, and GIBSON, JJ., concur.