## ESSLEY v. LANGLEY et al.

No. 28063.   April 18, 1939.

Rehearing Denied May 16, 1939.

F. A. Bodovitz, for plaintiff in error.

Z. I. J. Holt, E. M. Lee, and W. A. Chase, for defendants in error.

RILEY, J. This is an appeal from an order made by the district court of Tulsa county confirming sale of real estate. The defendant, in the lower court, is the plaintiff in error here.

On the 22nd day of January, 1929, John L. Essley executed and delivered to Ernest B. Langley his certain promissory note in the sum of $10,100, which note was later assigned to W. H. Langley, one of the defendants in error here. This note was secured by a mortgage of even date therewith and covering property in Tulsa coun-

ty, Okla. The giving of the note and mortgage arose out of the transaction wherein Essley had purchased from Ernest B. Langley the 80 acres of land near Tulsa, Okla., covered by the mortgage; had paid $10,000 in cash, and had given the mortgage above referred to as part of the purchase price. The mortgage contained this provision:

"And the said party of the first part for said consideration does hereby waive (or) not waive appraisement, of the option of the second party. * * *"

Suit was instituted on the above mortgage on the 14th day of January, 1935; answer was filed by Essley wherein he admitted the execution of the note and mortgage, tendered a deed into court in satisfaction of the mortgage, and alleged that he was unable to pay the note.

The record recites that the cause came on for trial on the 28th day of May, 1935, and on that date a decree of foreclosure was rendered, which directed, among other things, that:

"* * * the sheriff shall levy upon the above-described real estate, and after having same appraised as provided by law, shall proceed to advertise and sell the same. * * *"

The record also recites that defendant was present in person and by attorney. No appeal was taken from this judgment.

On the 6th day of January, 1937, execution and order of sale was issued. The property was appraised in the sum of $12,-000, the property advertised for sale, and the sheriff made his return: "Not sold for want of bidders."

On the 24th day of February, 1937, an alias execution and order of sale was issued. The property was again advertised for sale, which resulted in a sale in the sum of $8,000 to W. H. Langley. The sheriff's return shows that after competitive bidding the property was sold for $8,000, subject to taxes in the amount of $1,912.59. Motion to confirm sheriff's sale was filed and the defendant Essley objected to confirmation of the sale for the following reasons: That the property had a value in excess of the judgment and in excess of $8,000; that the judgment was void for the reason that the petition asked that the land be sold without appraisement and the decree ordered the land sold with appraisement, and that the mortgage was given as part of the purchase price, and because of the amount of money which the plaintiff had received on account of the trans-

action the sale should not be confirmed unless the plaintiff bid an amount equal to the value of the land, which he alleged was at least the sum due. The sale was confirmed over the objection of Essley, and he appeals.

We will first pass on the contention that the sale was void for the reason that the sale was ordered with appraisement, whereas the plaintiff prayed for sale without appraisement.

While the mortgage did contain a provision to the effect that appraisement was waived or not waived at the option of the mortgagee, and the petition of the plaintiff prayed for a sale without appraisement, thus indicating that the mortgagee had exercised the option given to waive appraisement, the trial court, notwithstanding, in the original decree ordered the property sold with appraisement. This order, if error, was an irregularity in the judgment and decree which had become final, and is not such an irregularity which could be considered on objection going to the regularity of the sale.

We quote from Turner v. Clark, 183 Okla. 458, 83 P.2d 178:

"On motion to confirm sale of realty under execution, court should confine itself to the regularity of the proceeding on the sale and need not go behind the execution and look into the regularity of the judgment."

The other objection as to the inadequacy of the purchase price is not sufficient to set aside the sale unless the inadequacy of the purchase price is so great as to shock the conscience of the court, and if the property be sold for a fair price, there must be other elements taken into consideration before the same be set aside. We believe the rule is fairly stated by this court in Fiolle v. First Nat. Bank, 173 Okla. 501, 49 P.2d 145.

"Mere inadequacy of mortgage foreclosure sale price is not of itself sufficient cause for setting aside a sale in the absence of fraud or irregularity or other causes appealing to the equitable jurisdiction of the court; but gross inadequacy or consideration, coupled with very slight additional circumstances, is sufficient to set aside such sale, and where the consideration is so grossly inadequate as to shock the conscience of the court, it alone is sufficient."

The fact that the mortgage was given for part of the purchase price and that the mortgagor will lose money on the transaction and the mortgagee may profit by the foreclosure is not a sufficient ground for refusal to confirm sheriff's sale, even though the property may have been sold for less than its actual value, but more than two-thirds of the appraised value.

The trial court passed on the value of the property in so far as it was necessary to guide the court in passing on the validity of the sale. These findings have the same weight as in cases tried to a jury, and this court will not review the judgment of the trial court as to the value of the property where the evidence is disputed, and there is no showing of fraud or collusion in the appraisement, or of chilling, stifling, or suppressing bids, and there is no showing whatever of a probable higher bid should a resale be ordered. It cannot be said that the property sold at a price so grossly inadequate as to shock the conscience of the court, since it sold for more than two-thirds of the appraised value. The Legislature has fixed that amount as within the legislative conscience, if any there be.

The objection as to nonjurisdictional errors or irregularity of the judgment cannot be raised by objection to confirmation of the sale, and there being no equities that appeal to the court, the judgment of the trial court will be affirmed. It is so ordered.

BAYLESS, C. J., WELCH, V. C. J., and CORN, GIBSON, DAVISON, and DANNER, JJ., concur. HURST, J., disqualified, not participating. OSBORN, J., absent.