BAKER v. SMITH.

No. 30532. Nov. 17, 1942.

*131 P. 2d 97.*

R. O. Ingle, of Sallisaw, for plaintiff in error.

Wall & Green, of Sallisaw, for defendant in error.

HURST, J. This is an action in ejectment by H. E. Smith to recover from defendant, John T. Baker, 20 acres of land in Baker's possession. Smith claimed title under a tax deed. Baker filed an answer and cross-petitioned alleging the invalidity of the deed, tendering into court $56.19 as the taxes due, and asked that the deed be canceled. The trial court, on September 10, 1940, canceled the deed, found that the taxes due were in excess of the amount tendered, rendered judgment for Smith for $102.73, which on motion for new trial was reduced to $92.75, gave Smith a lien on the land for that amount, and gave Baker 60 days to pay the judgment and costs, and directed that execution issue for the sale of the land to satisfy the judgment if Baker failed to pay the same within the 60 days. Baker failed to pay the judgment within the 60-day period, and on November 18, 1940, execution was issued, and the land was appraised and advertised. It was sold, and the sale was confirmed, on December 23, 1940. Smith purchased the land at the sale for $136. The value of the tract was fixed by the appraisers at $100.

Defendant contends that the trial court erred, (1) in overruling his motion to vacate the sale, and (2) in overruling his supplemental motion to vacate it.

1. The substance of the motion to vacate the sale was that on November 21, 1940, defendant deposited in the office of the court clerk, to apply on the judgment, the sum of $108, which paid the judgment and extinguished the lien thereof on his land, and that the sale of the land thereafter was without authority of law and void. The trial court heard evidence on the motion. Therefrom it appears that defendant's excuse for his failure to pay the full amount of the judgment and costs within the 60-day period allowed was that no journal entry of the judgment had been filed by plaintiff's attorneys, and that the court clerk was unable to determine the exact amount of costs. The evidence on this point is conflicting. When the deposit of $108 was made the first publication of the notice of sale had been made, which ran the judgment and costs above the $108, and the parties became involved in a dispute over the costs of the publication, defendant contending that he should not be required to pay it. The evidence failed to establish the allegations of the motion.

The setting aside of a judicial sale is a matter committed to the sound legal discretion of the trial court. University of Tulsa v. Moores, 177 Okla. 548, 61 P. 2d 25; Millard v. Nelson, 139 Okla. 56, 281 P. 238. An examination of the record convinces us that the denial of the defendant's motion was not an abuse of discretion.

2. The supplemental motion sets out that there was no proper appraisement of the defendant's property before the sale, as required by 12 O. S. 1941 § 759. In support of the motion defendant produced one of the appraisers, who testified that he did not view the land, and did not know the value thereof, but relied upon the two other appraisers, and signed the appraisement prepared by them. Defendant contends that section 759 requires all three appraisers to view and inspect the land, and that such defect rendered the sale void. No evidence was produced as to the value of the land. It is not contended that the sale was not at public auction, or that it was not properly advertised, or that it could have been sold for a higher

price if it had been appraised in strict conformity with the provisions of section 759. Since no prejudice is shown to have resulted to defendant from the error in the appraisement, the error was harmless under the harmless error statutes, 12 O. S. 1941 §§ 78, 636, and 22 O. S. 1941 § 1068, and is not ground for reversal.

Affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON and ARNOLD, JJ., concur. GIBSON, J., concurs in conclusion. RILEY, OSBORN, and BAYLESS, JJ., absent.