GRAYSON et al. v. SECURITY
FEDERAL SAV. & LOAN
ASS'N.

No. 30770.   March 2, 1943.

*134 P. 2d 555.*

B. C. Franklin, of Tulsa, for plaintiffs in error.

Fist, Dewberry, Shidler & Bragg, of Tulsa, for defendant in error.

PER CURIAM. On April 11, 1941, defendant in error, hereinafter referred to as plaintiff, instituted an action against the plaintiffs in error, hereinafter referred to as defendants, to recover balance alleged to be due on a promissory note and to foreclose a real estate mortgage which had been given to secure the indebtedness evidenced thereby. On May 10, 1941, defendants filed a verified answer in which they admitted the execution of the note and mortgage but denied that there was due thereon the sum claimed by the plaintiff. The cause was set on the trial docket and came on to be heard on May 29, 1941, at which time the plaintiff appeared and the defendants appeared not. The plaintiff thereupon waived a jury and proceeded to try the cause to the court. Plaintiff was given judgment for the amount alleged to be due on the note and for foreclosure of the mortgage securing the indebtedness evidenced thereby. Order of sale and special execution with appraisement issued on June 23, 1941, and was duly levied on the property involved. Sale of the property was had, after advertisement, on July 28, 1941, to the plaintiff for two-thirds of the appraised value. On June 30, 1941, defendant filed a motion to vacate the judgment which had been entered on May 29, 1941. As grounds for said motion defendants alleged irregularity in the procurement of the judgment. This motion was heard and overruled on July 28, 1941. No appeal was had therefrom. Thereafter, on July 30, 1941, defendants filed a motion to recall the special execution and to set aside the sale which had been had thereunder. This motion was heard and denied on August 8, 1941, and no appeal was prosecuted therefrom. Motion of plaintiff to confirm the sale was filed on August 5, 1941, and was heard and sustained on August 11, 1941. Thereafter, on August 13, 1941, defendants filed a motion to vacate and set aside the order of confirmation which had theretofore been entered. This latter motion was heard and overruled on August 18, 1941, and defendants have appealed therefrom.

Defendants in their petition in error assign five specifications of error which may be thus summarized: (1) The cause was not properly set upon the trial docket when it came on to be heard on May 29, 1941, (2) defendants' motion to vacate the judgment should have been sustained; (3) defendants' motion to recall the execution and set aside the sale should have been sustained; (4) motion of defendants to set aside the order confirming sale should have been sustained; and (5) the answer of the defendants in the foreclosure action made a trial by jury mandatory. In their brief the defendants urge but one assignment of error, which is as follows:

"That the trial court erred in overruling plaintiffs in error's motion, filed on the 30th day of June, 1941, to va-

cate said default decree in foreclosure, for the reason and upon the grounds in said motion stated."

This appeal is from the order which denied the motion of defendants to vacate the order confirming sheriff's sale. As we have heretofore pointed out, no appeal was taken from the order which denied the motion to vacate the judgment of foreclosure, nor from any of the other motions filed by the defendants. As said in Wright v. Craig, 184 Okla. 371, 87 P. 2d 317:

"In passing upon whether a sale of real estate on execution should be confirmed, the court is limited to the regularity of the sale proceedings and may not properly inquire into the regularity of the judgment."

The defendants do not contend that the proceedings had in connection with the sale were in any respect irregular, but rather seek on this appeal to have an inquiry made into the regularity of the judgment in foreclosure. This the trial court could not do upon a motion to vacate the order of confirmation. Under the record here presented the defendants appear to have made no objection to the confirmation of the sale, and the motion to vacate the order of confirmation does not state any reason for their failure to do so. A motion to vacate a judicial sale is addressed to the trial court's sound legal discretion, and where no abuse of such discretion is shown, the ruling of the trial court thereon will not be disturbed by this court. See Baker v. Smith, 191 Okla. 491, 131 P. 2d 97. No error has been pointed out in the order which denied the motion of defendants to vacate confirmation of sheriff's sale. This order is the only one which is properly presented for review. The regularity of the judgment and error, if any, in the order which denied the motion to vacate the same is not before us and may not properly be inquired into, and therefore we express no opinion thereon. No error is presented.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.