## WEST NICHOLS HILLS WATER CO.
## v. AMERICAN-FIRST TRUST CO.

No. 31887. Oct. 31, 1944.

Rehearing Denied Dec. 12, 1944.

Second Petition for Rehearing Denied
April 24, 1945.

*158 P. 2d 695.*

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for plaintiff in error.

J. Berry King and George J. Fagin, both of Oklahoma City, for defendant in error.

GIBSON, V.C.J. This is an appeal from an order of district court confirming sale of property sold under special execution. The property sold, consisting of realty and personalty, comprised the water works plant and facilities owned by plaintiff in error and operated to furnish water to residents of an unincorporated community known as West Nichols Hills located in Britton township of Oklahoma county. The execution upon which sale was had was in pursuance of judgment awarded defendant in error as plaintiff foreclosing mortgage deed of trust executed by plaintiff in error to defendant in error as trustee to secure a bond issue. From this judgment appeal without supersedeas was taken to this court in cause No. 31779, West Nichols Hills Water Company, a Corporation, Plaintiff in Error, v. the American-First Trust Company, Defendant in Error, 195 Okla. 428, 158 P. 2d 691.

The confirmation of sale is challenged upon three grounds. The first goes in substance to the right to sell by reason of matters urged in cause No. 31779 to defeat the judgment therein rendered. It necessarily fails by reason of our affirmance of said judgment as aforesaid. The other grounds are (1) the property was not properly advertised and (2) price at which sold was grossly inadequate, and finally it was an abuse of discretion by the court to not direct a new sale in view of defendant's offer to pay the costs incident thereto.

The sale was duly advertised in The Progress, a newspaper published in Britton, a city or town located in said Britton township. It is admitted that by reason of the applicability of 12 O.S. 1941 § 764, requiring advertisement of sale on execution of lands to be made in newspaper published in the township where such land is located unless there be no paper published therein, that the publication in said paper was necessary and legal, the objection being that by reason of the small population of Britton, and the limited circulation of said paper, an additional publication should have been made in a metropolitan daily published in Oklahoma City or other publication which would have reached a larger class of investors.

The property sold was appraised at

$45,680.19 and the sale price was $31,-500, the same being in excess of two-thirds of the appraised value.

The only objection urged in connection with the appraisement is that the property was undervalued because the property was reasonably of the value of $150,000.

Evidence was adduced upon the question of value, and though such evidence is conflicting there is no showing of fraud or collusion in the appraisement, or of chilling, stifling or suppressing bids, and no showing whatever of a probable higher bid should a resale be ordered. In such situation, as we held in Essley v. Langley, 185 Okla. 106, 90 P. 2d 396, the question of values was presented to the trial court and its findings thereon have the same weight as in cases tried to a jury and this court will not review the judgment of the trial court as to value found on conflicting evidence unless it can be said that the property sold at a price so grossly inadequate as to shock the conscience of the court, a situation that does not obtain in the instant case. There was no abuse of discretion by the trial court in confirming the sale, and its judgment is affirmed.

Pending this appeal there was filed in this court on August 21, 1944, a motion for deficiency judgment reciting that by the terms of 12 O. S. 1941 § 686 it was necessary that such matter be filed within 90 days of date of confirmation of sale, which confirmation was had on June 10, 1944, and that by reason of the fact an appeal was perfected from said order of confirmation which is now pending and the resulting question of where jurisdiction to hear such motion lay, same was filed also in the district court from which the appeal was taken. Thereafter, on August 31, 1944, there was filed herein a motion to strike said motion theretofore filed for want of jurisdiction in this court to hear the same. This court declines to pass upon said motion to strike and orders that the subject matter of said motion for deficiency judgment be and the same is hereby referred to said district court to be heard upon the like motion therein filed.

Affirmed.

CORN, C.J., and RILEY, BAYLESS, and HURST, JJ., concur.