No. 32661. Jan. 28, 1947.

*176 P. 2d 1023.*

STATE ex rel. COM'RS OF LAND OFFICE v. CLAYCOMB et al. (two cases).

Nos. 32224, 32225. Jan. 28, 1947.

*176 P. 2d 1019.*

Everett H. Welborn, Richard A. Jackson, and Floyd Wheeler, all of Oklahoma City, for plaintiff in error.

Rizley & Tryon, of Guymon, and Twyford, Smith & Crowe, of Oklahoma City, for defendants in error.

BAYLESS, J. The State of Oklahoma on relation of the Commissioners of the Land Office has appealed from an order of the district court of Texas county sustaining the objections to the confirmation of a sheriff's sale filed by Marie Claycomb et al. The parties are in accord with respect to the facts in the case, and the state complains only of the ruling of the court based on the facts.

The state obtained a judgment of foreclosure on a real estate mortgage in this action and had issued an order of sale and had caused notice of the time and place of the sale to be given. A few days before the sale was to be conducted one of the Claycombs entered into an agreement, evidenced by a letter setting forth terms thereof, with the commissioners for the payment of the judgment at a reduced rate of interest. Some payments were made according to the terms of this agreement, but not all of them, and later the Attorney General ruled that the commissioners were without authority to enter into agreements to settle judgments for less than the amount of the judgment. A part of the agreement was that the state should withhold confirmation of the sheriff's sale upon compliance by Claycombs with the agreement. Thereafter the state deemed that Claycombs had breached the understanding and served notice of its intention to call up for consideration its motion to confirm the sheriff's sale. Thereupon, Claycombs filed an amendment to their objection to the confirmation of the sale, and it was upon the state's motion and the Claycombs' objection and amended objection to the confirmation that the matter was heard. At least five grounds for refusing to confirm the sale were stated by Claycombs, but in the trial of the matter they presented no evidence on two of them, and in addition to this, the trial court seemed to have limited its ruling to the effect of the shocking inadequacy of the bid of the state at the sheriff's

sale and the coincidence therewith of other facts and circumstances which the court deemed lent weight to the unfairness manifested by the inadequate bid. We accordingly direct our attention to these points only.

Claycombs have pointed out in their brief that the rule which the state has attempted to present and has sustained is erroneously stated by the state in the alternative when the finding of the trial court upon the evidence does not require an alternative finding. The state, relying upon State ex rel. Commissioners of Land Office v. Harrower, 167 Okla. 269, 29 P. 2d 123; University of Tulsa v. Mooras, 177 Okla. 548, 61 P. 2d 25, and other cases, contended that the bid of $3,500 for property covered by a judgment of nearly $9,000 and of a value variously stated by the witnesses of from $7,500 to $15,000 was not so grossly inadequate as to shock the conscience of the court, and brought the issue confronting the trial court from the evidence before it to the point where, in addition to inadequacy of consideration, it was necessary to find other incidents involved in the transaction that related to the inadequacy of consideration and produced an inequitable result. On their part Claycombs contend that the situation presented to the trial court was the third aspect of the rule as announced in Fiolle v. First National Bank, 173 Okla. 501, 49 P. 2d 145; Essley v. Langley, 185 Okla. 106, 90 P. 2d 396; and Berke v. Home Owners' Loan Corporation, 192 Okla. 124, 134 P. 2d 346. The trial court found specifically, "I think the price it brought would shock the conscience of any court, coupled with the experience of the court. I know the land." In the order vacating the sale and sustaining the objection to the confirmation of the sale, the trial court expressly found, ". . . that the purchase price bid by said plaintiff at said sheriff's sale is so inadequate as to shock the conscience of this court, coupled with other circumstances in the case."

In State v. Harrower, supra, this court said:

" 'It is the general rule that in the absence of fraud and unfairness, mere inadequacy of price will not invalidate a foreclosure sale, unless the price is so grossly inadequate and unconscionable as to shock the moral sense, or unless there be additional circumstances against its fairness. However, if there be great inadequacy, slight circumstances of unfairness in the conduct of the party benefited by the sale will suffice to justify setting it aside. It is difficult to state a more definite rule than this, and each case must stand upon its own peculiar facts.' "

This court is of the opinion, and holds, that the inadequacy of the sale price, i.e. $3,500, coupled with the circumstances hereinbefore set out, is sufficient to justify the setting aside of the sale. To summarize, the record shows that two days before the sheriff's sale the commissioners entered into the purported agreement for the payment of the judgment at a reduced rate of interest and to withhold confirmation of the sale upon compliance with the terms of the agreement, that payments were made to the commission under the terms of the agreement, that subsequently the Attorney General ruled that the commissioners were without authority to make such an agreeemnt and thereafter refused the offer of payment made by the defendants.

This agreement may have had a direct effect upon the price for which the property was sold at the sheriff's sale. It is possible that the judgment debtors would have made protective bids or would have arranged for some one to bid for them, but for said agreement.

The judgment appealed from is affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.